## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation | Master No. 1:14-md-2513-RGS<br>Individual Case No. 1:14-cv-10478-RGS<br><br>This Document Relates To:<br>    All Member Actions |

### PLAINTIFF JOHN LOFTON'S RESPONSE
### TO THE COURT'S FEBRUARY 20, 2014 PROCEDURAL ORDER

**I.     INTRODUCTION**

Plaintiff John Lofton ("Lofton") hereby responds to the Court's February 20, 2014

procedural order ("the Order"). (Master ECF No. 3.) The Order directs "both plaintiffs and

defendants [to] submit proposed lead counsel to coordinate their respective pretrial proceedings

before this court" by this date.

This case involves three different factions of plaintiffs' counsel: counsel for Plaintiff John

Lofton (Parisi & Havens LLP and Preston Law Offices ("Lofton Counsel")), counsel for Plaintiff

Robert Pegg (Morgan & Morgan and Lemberg & Associates LLC ("Pegg Counsel")), and

counsel for Ralph and Richard Davenport (Lyngklip & Associates Consumer Law Center, PLC

and Rex Anderson PC ("Davenport Counsel")). Immediately after receiving the Panel's transfer

order, all plaintiffs' counsel participated in earnest discussions about how to structure plaintiffs'

leadership for this case. These discussions have continued up until the Order's March 13

deadline, but it appears there is now consensus that the Pegg and Lofton groups work together in

the leadership structure for plaintiff counsel.

Based on plaintiffs' discussions, Lofton proposes that the Court appoint Mr. Parisi of

Parisi & Havens LLP, together with J. Andrew Meyer of Morgan & Morgan, as interim co-lead

counsel to coordinate the pretrial proceedings before this court on behalf of the plaintiffs. Courts

have noted that the MDL process imposes unique pressures on plaintiffs' counsel:

> [Economic clout] does not guarantee the best lawyering or even the selection of
> those best suited to handle the matter in a cooperative endeavor which is crucial
> for MDL proceedings. The ability to work in a team setting tends to be more
> difficult for the plaintiff bar than for defense attorneys. But the efficient and
> successful resolution of an MDL is dependent on coordination and cooperation of
> lead counsel for all sides.

*In re Vioxx Prods. Liab. Litig.*, 760 F. Supp. 2d 640, 643 n.4 (E.D. La. 2010). While counsel

*within* each of the Davenport, Lofton, and Pegg factions repose trust and confidence in each

other and have voluntarily associated with each other, it is the inherent nature of a MDL

proceeding that the different factions are yoked together by circumstance. Hence, plaintiffs need

a leadership structure that creates confidence between plaintiffs' counsel, thereby promoting

collaboration and cooperation. As the plaintiffs' discussions reflect, the surest way to foster the

coordination needed to prosecute *this* case effectively is for Lofton Counsel and Pegg Counsel to

share authority and responsibility over the case. At the same time, leadership authority has to be

concentrated so that plaintiffs can make decisions expediently. The leadership structure proposed

by Lofton achieves this happy balance.

## II.   LEGAL STANDARD

Prior to class certification, courts may appoint interim class counsel under Federal Rule

of Civil Procedure 23(g)(3). Interim class counsel is generally appropriate "[i]n cases . . . where

multiple overlapping and duplicative class actions have been transferred to a single district for

the coordination of pretrial proceedings." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240

F.R.D. 56, 57 (E.D.N.Y 2006). Appointment of interim class counsel "clarifies responsibility for

protecting the interests of the class during precertification activities, such as making and

responding to motions, conducting any necessary discovery, moving for class certification, and

negotiating settlement. *See* Manual for Complex Litigation § 21.11 (4th ed. 2004) ("MCL"); *see*

*also* Rule 23 Practice Commentary ("pre-certification discovery, dispositive motions, or settlement negotiations . . . may have a critical bearing on the interests of the putative class members" and often necessitate the appointment of interim lead counsel).

Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Deciding which counsel best meets this test requires that the Court consider: (i) the work counsel has done in identifying or investigating potential claims in the action, (ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (iii) counsel's knowledge of the applicable law, and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); *see also* Advisory Committee Notes to the 2003 Amendments, Subdivision (g). Each of the foregoing factors *must* be considered. *See* Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23(c)(2)(B). Additionally, the Court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In this regard, courts evaluate whether proposed interim class counsel have worked cooperatively with opposing counsel and the court, and whether counsel commands the respect of colleagues. *See* MCL § 10.224.

## III.   THIS COURT SHOULD APPOINT MR. PARISI AS CO-INTERIM LEAD CLASS COUNSEL: MR. PARISI MEETS OR EXCEEDS THE REQUIREMENTS OF RULE 23(G)(1)(A).

Mr. Parisi meets or exceeds each of the factors set forth under Rule 23(g)(1)(A)(i) (iv) for selecting lead counsel.  Mr. Parisi has defined the claims, conducted the relevant investigation of the case, including conducting significant discovery in related litigation, he has extensive experience litigating TCPA actions, and he offers a particularized understanding of the issues attendant to this litigation.

### A.   Mr. Parisi's Firm has Identified and Investigated the Claims Asserted in These Actions

Mr. Parisi has spent significant time investigating the claims at issue in this action.  The telephone calls at issue to Plaintiff John Lofton occurred in early June 2012.  Mr. Lofton was

told by the callers that the calls were from Verizon.  On June 14, 2012, Mr. Parisi filed suit on behalf of Mr. Lofton against Verizon in an action entitled *Lofton v. Verizon Wireless (VAW) LLC*, No. RG1263618, in the Superior Court for the State of California in Alameda County ("*Alameda* action").  (The *Alameda* action was subsequently removed to Federal court.) (Parisi Decl., ¶4.) The *Alameda* action alleges in part that Verizon records telephone conversations, without notice to all parties, in violation of the California Invasion of Privacy Act (Cal. Pen. Code §§ 630-638 "IPA").  (*Id.*) The *Alameda* action was later amended to include a TCPA claim. Lofton's claims in the *Alameda* action are against Verizon based on allegations that Verizon is vicariously liable for Collecto's violations of the IPA and the TCPA because, e.g., Collecto made those calls in the course of attempting to collect a Verizon account.

Discovery in the *Alameda* action revealed that Collecto was making the calls to Mr. Lofton on behalf of Verizon.  On July 16, 2013, Mr. Parisi filed for Mr. Lofton a class action against Collecto under the TCPA. The *Lofton v. Collecto* action is now part of this MDL.

Discovery in the *Alameda* action has been extensive and has well informed Lofton Counsel. With respect to evidence relevant to TCPA claims against Collecto, Mr. Parisi and his co-counsel have obtained some 219,000 account notes that reflect calls to California telephone numbers which Collecto has determined were not the correct number for the debtor at issue. (Parisi Decl. ¶5.)  Lofton's counsel also obtained records evidencing an estimated 10 million outgoing calls by Collecto from January 2012 to March 2013 though a subpoena served on Collecto's telecommunication provider (which, again, Collecto sought to resist). (*Id.*) Records of Collecto's outgoing telephone calls are a key piece of evidence in class certification, because they enable plaintiffs to begin identifying class members. Mr. Parisi has obtained other evidence relevant to the merits of this MDL (specifically, they have obtained manuals for Collecto's predictive dialers as well as skip-tracing files that Collecto has used to call class members' telephone numbers, which assist in identifying class members and addressing defenses that predictive dialers are not "automatic telephone dialing system[s]"). (*Id.* ¶6.)  The parties in

Lofton's action against Collecto stipulated to permit the use of evidence obtained in the *Alameda* action in Lofton's action against Collecto. (*Id.* ¶7.)

Given this record, Mr. Parisi and his firm have a solid head start on this litigation against Collecto and bring a wealth of knowledge to a co-leadership position.

**B.      Mr. Parisi and His Firm Has Significant Experience Handling Class Actions**

Rule 23(g)(1)(A)'s second factor examines the proposed lead, or co-lead, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action.  Mr. Parisi and his firm have significant experience litigating complex actions as well as class actions.  In fact, well over ninety percent of the firms' work over the last ten years has been devoted exclusively to class actions on behalf of plaintiffs.  (Parisi Decl., ¶2.)  Mr. Parisi and his firm have drafted and argued scores of class certification motions and have litigated class actions in state and federal trial courts as well as appellate courts.  (*Id.*)

As explained below, specific to the issues before this court, Mr. Parisi and his firm has litigated (or are in litigation on) over ten TCPA actions which raise many of the same issues which may be before this court.  In one of the TCPA actions, Mr. Parisi obtained a successful result in the Court of Appeals, and two other TCPA actions are currently pending in the Ninth Circuit Court of Appeals.  Accordingly, he certainly has the knowledge and experience to handle complex class actions such as the one before this court.

**C.      Mr. Parisi and His Firm Has Extensive Knowledge of the TCPA and the Disputes that Often Arise When Interpreting that Statute**

An additional factor considered under Rule 23(g)(1)(A) is the proposed counsel's knowledge of the applicable law—here, the TCPA.  Mr. Parisi's knowledge of and experience with regard to the TCPA more than satisfies the criteria of Rule 23.  Indeed, beyond the substantial efforts litigating and investigating the current case, Mr. Parisi has extensive experience prosecuting TCPA claims on a class wide basis, and this experience has given he and his firm a superior knowledge of the underlying law.  Specifically, Mr. Parisi and his firm have litigated and/or is presently litigating the following TCPA class actions: *Thomas v. Taco Bell*

*Corp, et al.*, No. SACV09-1097 (C.D. Cal.) *appeal docketed*, No. 12-56459 (9th Cir. Aug. 8, 2012); *Ellison v. Steven Madden, LTD*, No. CV11-05935 (C.D. Cal.); *Wannemacher v. Carrington Mortg. Services, LLC*, No. 8:12-cv-02016-FMO-AN (C.D. Cal.); *Snyder v. Ivisionmobile, Inc.*, No. 5:13-cv-05946-HRL (N.D. Cal.); *McKenna v. Whispertext, LLC*, No. 5:14-cv-00424-PSG (N.D. Cal.); *Brown v. Directv, LLC*, No. 2:12-cv-08382-DMG-E (C.D. Cal.); *Smith v. Microsoft Corp.*, No. 11-CV-01958 (S.D. Cal.); *Fernandez v. Curacao Ltd., et al*, No CV13-03439 (C.D. Cal.); *Gomez v. Campbell-Ewald Co.*, No. CV-10-02007 (C.D. Cal.), *appeal docketed* No. 13-55486 (9th Cir., Mar. 22, 2013); *Meyer v. Portfolio Recovery Assocs., LLC*, No. 11-CV-01008 (S.D. Cal.), *consolidated in multidistrict proceeding*, *In re Portfolio Recovery Assocs. LLC TCPA Litig.*, MDL No. 2295 (Dec. 21, 2011).  The fact that these matters are all putative class actions based on violations of the TCPA further substantiates the appointment of Mr. Parisi co-lead counsel in this TCPA action.

Additionally, several of the above matters have gone through or are presently in the appellate process, adding to the depth of knowledge that Mr. Parisi and his firm has with respect to TCPA claims.  In the *Meyer* matter, Mr. Parisi (together with his co-counsel) secured a preliminary injunction that prevented a defendant from continuing to make calls in violation of the TCPA during on-going litigation, together with the certification of a class under Rule 23(b)(2), and successfully defended both the injunction and class certification on appeal. As far as counsel knows, *Meyer* is the only case in which a private litigant obtained such a result.

Accordingly, the third factor under Rule 23(g)(1)(A) weighs in favor of the appointment of Mr. Parisi as co-lead because he and his firm are well-versed in the factual and legal issues at the center of TCPA matters.

> ### D.   Mr. Parisi and his Firm Has Already Devoted, and Will Continue to Devote Significant Resources to the Litigation

Rounding out the requirements of Rule 23(g)(1)(A), Mr. Parisi has devoted, and will continue to devote, significant resources to the successful prosecution of these cases. As such, Mr. Parisi is well deserving of the appointment as interim co-lead counsel.

To date, Parisi & Havens has committed significant resources to the successful prosecution of these cases and is prepared to devote the resources necessary to advance the litigation through all phases of this MDL – motion practice, discovery, and class certification. (Parisi Decl., ¶¶4-8.)  As importantly, the firm has the necessary experience required to strategically implement those resources in an efficient manner, maximizing the likelihood of success for the class. (*Id*. at ¶¶2-3). The firm's expenditure of resources so far includes time spent evaluating the facts giving rise to the claims asserted, as well as those that present potential hurdles to recovery faced by Lofton and the putative Class. This investigation includes significant time litigating with Verizon over very similar issues and working with Collecto's counsel to obtain documents sought by subpoena to Collecto in the *Alameda* action.  (*Id*. at ¶¶4-8.)

## IV.     CONCLUSION

Mr. Parisi has demonstrated that he is equipped to serve as co-lead counsel in this litigation.  Mr. Parisi understands the relevant factual and legal issues presented by this case and has the resources to see them through to a successful and efficient resolution.

For the foregoing reasons, Plaintiff John Lofton, requests that this Court appoint Mr. Parisi of Parisi & Havens LLP, together with J. Andrew Meyer of Morgan & Morgan, as interim co-lead counsel to coordinate the pretrial proceedings before this court on behalf of the plaintiffs.

Respectfully submitted,


Dated: November 19, 2013                   By:    s/David C. Parisi
                                           David C. Parisi
                                           Suzanne Havens Beckman
                                           PARISI & HAVENS LLP
                                           212 Marine Street
                                           Santa Monica, California  90405
                                           (818) 990-1299 (telephone)
                                           (818) 501-7852 (facsimile)
                                           dcparisi@parisihavens.com
                                           shavens@parisihavens.com

Ethan Preston
Preston Law Offices
8245 North 85th Way
Scottsdale, Arizona 85259
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff John Lofton, on his
own behalf, and behalf of all others
similarly situated*