UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation | Master No. 1:14-md-2513-RGS<br>Individual Case No. 1:14-cv-10478-RGS<br><br>This Document Relates To:<br>All Member Actions |

**DECLARATION OF DAVID C. PARISI**

Pursuant to 28 U.S.C. § 1746, I, David C. Parisi, hereby declare and state as follows:

1.      I am a partner at Parisi & Havens LLP, a member of the bar of the State of California, counsel for Plaintiff John Lofton ("Lofton") in the case which was captioned *Lofton v. Collecto, Inc.*, No. 4:13-cv-03293-YGR and which was originally pending in the Northern District of California. I have personal knowledge of all of the facts set forth in this declaration and could competently testify thereof except where specifically noted otherwise.

2.      In my practice, I have been appointed lead or co-lead counsel in numerous state and federal class actions.  A copy of my firm's resume is attached as Exhibit 1.  Over the past ten or more years of practice, well over ninety percent of my firm's work has been devoted to representing consumers in class actions. Clients generally find our firm through other attorneys who know our reputation of obtaining good results for our clients in often complex consumer class actions and having a large breadth of knowledge when it comes to the procedural intricacies of class actions.  As my resume indicates, I have litigated numerous complex class actions in both trial court as well as appellate courts.

3.      In addition to the cases identified on the firm resume, Parisi & Havens has and continues to be involved in a significant number of actions which are based on alleged violations of the Telephone Consumer Protection Act ("TCPA").  These actions are as follows: *Thomas v. Taco Bell Corp, et al.*, No. SACV09-1097 (C.D. Cal.) *appeal docketed*, No. 12-56459 (9th Cir.

Aug. 8, 2012); *Ellison v. Steven Madden, LTD*, No. CV11-05935 (C.D. Cal.); *Wannemacher v. Carrington Mortg. Services, LLC*, No. 8:12-cv-02016-FMO-AN (C.D. Cal.); *Snyder v. Ivisionmobile, Inc.*, No. 5:13-cv-05946-HRL (N.D. Cal.); *McKenna v. Whispertext, LLC*, No. 5:14-cv-00424-PSG (N. D. Cal.); *Brown v. Directv, LLC*, No. 2:12-cv-08382-DMG-E (C.D. Cal.); *Smith v. Microsoft Corp.*, No. 11-CV-01958 (S.D. Cal.); *Fernandez v. Curacao Ltd., et al*, No CV13-03439 (C.D. CA); *Gomez v. Campbell-Ewald Co.*, No. CV-10-02007 (C.D. Cal.), *appeal docketed* No. 13-55486 (9th Cir., Mar. 22, 2013); and *Meyer v. Portfolio Recovery Assoc.*, No. 11-CV-01008 (S.D. Cal.), *transferred to MDL*, *In re PRA*, No. 2295 (Dec. 21, 2011).

4. My firm's knowledge of Collecto was significantly informed by litigation that was originally filed against Verizon in an action captioned *Lofton v. Verizon Wireless (VAW) LLC*, No. RG1263618, that was pending in the Superior Court of California for the Alameda County (the "*Alameda* action"). The *Alameda* action was removed to the Northern District of California on December 5, 2013. The Alameda action alleges in part that Verizon records telephone conversations, without notice to all parties, in violation of the California Invasion of Privacy Act (Cal. Pen. Code §§ 630-638 "IPA"). The Alameda action was later amended to include a TCPA claim.

5. Discovery in the *Alameda* action has been extensive and heavily litigated. A true and correct copy of the parties' October 15, 2013 case management statement, which describes the status of discovery at length, is attached to this Declaration as Exhibit 2. After significant resistance by Verizon and Collecto, Lofton obtained approximately 219,000 account notes that reflect calls to California telephone numbers which Collecto has determined were not the correct number for the debtor at issue, *i.e.*, calls to "wrong numbers." Lofton also served a subpoena on Collecto's telecommunication provider. After significant resistance by Collecto/Verizon and the telecommunications provider, Lofton obtained records evidencing an estimated 10 million outgoing calls by Collecto from January 2012 to March 2013. These records are a key piece of evidence in class certification, because they enable plaintiffs to begin identifying class members.

6.  Again, Exhibit 2 describes the status of class discovery in the *Alameda* action in some detail. Two items are particularly relevant to class certification of the TCPA claims in *In Re: Collecto Inc., TCPA Litigation.* On June 7, 2013, we obtained discovery concerning the manuals for Collecto's predictive dialers and some of the skip-tracing files that Collecto has used to call class members' telephone numbers. On August 31, 2013, we obtained the balance of the relevant skip-trace files. The skip-trace files assist with identifying class members, and the predictive dialer manuals are useful in addressing Collecto's asserted defense that the predictive dialers do not constitute an "automatic telephone dialing system" under 47 U.S.C. § 227(a)(1).

7.  On November 1, 2013, the court in the *Lofton v. Collecto, Inc.* action entered a stipulated protective order that permits Lofton the use of the evidence from the *Alameda* action in his case against Collecto. The stipulated protective order reads:

> The Parties acknowledge related litigation is pending in the case captioned *Lofton v. Verizon Wireless (VAW) LLC*, No. RG1263618, before the Superior Court for the State of California, Alameda County (the "Verizon Action"). The Parties stipulate that any Party may use any material that was produced in the Verizon Action in this action. In particular, and consistent with paragraph 6 of the stipulated protective order entered in the Verizon Action on September 28, 2012, the Parties further stipulate that any Party may use any material that was (a) produced in that action in this action and (b) designated as confidential under that stipulated protective order in this case as though it were produced in this action and designated as confidential under his Order. The Parties agree that any material designated as confidential in the Verizon Action is deemed to be designated as confidential in this action, and that there is no need to re-designate as confidential any material in this action that was previously designated as confidential in the Verizon Action. The Parties further agree that they may use any material that was produced in the Verizon Action and was not designated as confidential or was properly filed in the public record in the Verizon Action in this action, as though the material were not designated as confidential under this Order.

8.  On October 14, 2013, we served another subpoena on Collecto's telecommunication provider in in the *Lofton v. Collecto, Inc.* action seeking Collecto's outgoing calls from July 2009 onward. Collecto has not complied with that subpoena, but on November 5,

Lofton initiated a meet and confer procedure with that telecommunication provider regarding its compliance with the subpoena.

9.     Since the MDL order was entered, I and my co-counsel in the *Lofton v. Collecto* action have spoken numerous times with counsel for Plaintiff Robert Pegg (Morgan & Morgan and Lemberg & Associates LLC ("Pegg Counsel")) and counsel for Ralph and Richard Davenport (Lyngklip Assoc. Consumer Law Center, PLC ("Davenport Counsel")).  While none of us had worked together in the past, I believe that we have developed what will be a very good working relationship which will benefit the plaintiffs and putative class members.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 13, 2014, at Venice, California.

                                                            __s/David C. Parisi_____
                                                              David C. Parisi