Charles R. Messer (SBN 101094)
Messerc@cmtlaw.com
David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
Stephen A. Watkins (SBN 205175)
Watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Blvd., Suite 1214
Los Angeles, CA 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant,
COLLECTO, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLLECTO, INC. TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION<br><br>This document relates to all Member Actions | ) MDL No. 14-md-2513-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR SUMMARY JUDGMENT BY DEFENDANT COLLECTO, INC.

Collecto, Inc. ("Collecto"), Defendant in the above-captioned action, hereby moves, pursuant to Fed. R. Civ. P. 56(b), for summary judgment as follows:

(1)   As to Plaintiff John Lofton's ("Lofton") Complaint for negligent and willful violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA");

(2)   As to Plaintiff Robert Pegg's ("Pegg") Complaint for negligent and willful violation of the TCPA; and

(3)   As to Plaintiff Richard and Ralph Davenports' ("Davenports") individual and claims for violation of the TCPA prior to July 23, 2009.

This motion is made on the following grounds:

(a) That the telephone equipment used to call Plaintiff Lofton does not constitute an automatic telephone dialing system ("ATDS") as defined by the statutory language of the TCPA.

(b) That the telephone equipment used to call Plaintiff Pegg does not constitute an automatic telephone dialing system ("ATDS") as defined by the statutory language of the TCPA.

(c) Collecto's calls to the Davenport plaintiffs that were made prior to July 23, 2009 are barred by the TCPA's four-year statute of limitations.

(d) Collecto's calls to putative class members that were made prior to July 23, 2009 are not actionable because of the TCPA's four-year statute of limitations.

The parties have sharply different views on the legal definition of an ATDS. Defendant Collecto contends that an ATDS is defined by a specific TCPA statute, 47 U.S.C. section 227(a). See *Satterfield v. Simon & Schuster,* 569 F.3d 946, 951 (9th Cir. 2012), and *Marks v. Crunch San Diego LLC,* 55 F.Supp.3d 1288, 1295 (S.D. Cal. 2014). The plaintiffs contend that the court should rely on ATDS-Rules that have been promulgated by the Federal Communications Commission ("FCC"), and they will probably cite cases that have declined to follow *Satterfield* and *Marks,* for example, *Morse v. Allied Interstate LLC,* 65 F.Supp.3d 407 (M.D. Pa. 2014). There appears to be no binding precedent in the First Circuit.

If this court decides that an ATDS is defined by the TCPA-statute, there are no disputed issues of fact and this motion should be granted. The plaintiffs' reliance on the FCC's ATDS-Rules might undermine this court's subject matter jurisdiction, because some courts have ruled that only Courts of Appeal have jurisdiction to consider challenges to those Rules. In that event, the fairest ruling is dismissal of claims that are based on the FCC's ATDS-Rules, for lack of subject matter jurisdiction. Collecto contends that the *Morse* court violated the defendant's rights to due process by refusing to consider its defense, which was a defense that has been substantively endorsed by other federal courts.

Last, if the court applies the FCC's ATDS-Rules, defendant Collecto contends that it is entitled to summary judgment because its dialing equipment required sufficient "human intervention" such that it does not meet the Federal Communication Commission's ("FCC") definition of an ATDS.

This motion is based upon this Notice, upon the attached Memorandum in Support of Motion for Summary Judgment, on the Rule 56.1 Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment, on the Declarations of Peter Cappola, Adam Sorini, Ellis Cave, and Stephen A. Watkins, upon the complete records and file of the Court, and upon such other further evidence that may be properly presented at the time of the hearing on this matter.

DATED: August 31, 2015                                CARLSON & MESSER LLP

                                                      By: /s/ Charles R. Messer
                                                          Calif. Bar No. 101094
                                                          David J. Kaminski, Esq.
                                                          Calif. Bar No. 128509
                                                          Stephen Watkins, Esq.
                                                          Calif. Bar No. 205175
                                                          CARLSON & MESSER LLP
                                                          5959 W. Century Boulevard, Suite 1214
                                                          Los Angeles, CA 90045
                                                          Telephone: (310) 242-2200
                                                          Facsimile: (310) 242-2222
                                                          Email: kaminskid@cmtlaw.com
                                                          Email: MesserC@cmtlaw.com
                                                          Email: WatkinsS@cmtlaw.com
                                                          Lead Counsel for Defendant Collecto, Inc.

## CERTIFICATE OF SERVICE

I, Charles R. Messer, hereby certify that, this 31st day of August 2015, I filed the foregoing documents through the Electronic Case Filing (ECF) system and thus copies of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: August 31, 2015                                CARLSON & MESSER LLP

{00036732;1}

By: /s/ Charles R. Messer
Charles R. Messer

4