UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLLECTO, INC. TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION<br><br>This document relates to all Member Actions | ) MDL No. 14-md-2513-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY MEMORANDUM SUPPORTING ITS MOTION TO STRIKE THE SUPPLEMENTAL DECLARATION OF RANDALL SNYDER**

## I.  Introduction

Plaintiffs' Opposition fails to meet their burden to demonstrate that their untimely Supplemental October 23, 2015 Snyder Declaration was "substantially justified."

Collecto submitted the four page declaration of Ellis Cave and related patents to demonstrate that auto-dialers that dialed telephone numbers from lists or databases, and predictive auto-dialers, were all utilized before the TCPA was enacted in 1991. Plaintiffs' Opposition asserts the that 13-page Supplemental Snyder Declaration was submitted to counter this Cave Declaration, but they ignore the fact that the new Snyder Declaration asserts no facts relating to the historical use of auto-dialers.

Plaintiffs argue that the Snyder Declaration is a timely "supplemental" expert disclosure, but their argument is not supported by any scheduling Order in this case, and the plaintiffs have never offered to produce Mr. Snyder for a second deposition.

Mr. Snyder's reliance on manuals and website printouts which are unrelated to Collecto's equipment is inadmissible, and Mr. Snyder's similar efforts to paint with such a broad brush were rejected in *Legg v. Voice Media Grp.*, Inc., No. 13-62044-CIV-COHN, 2014 WL 1767097, at *6 (S.D. Fla. May 2, 2014). In that case, the Southern District of Florida excluded Mr. Snyder's opinions from three different declarations:

"Snyder's opinion that VMG used an automatic telephone dialing system within the meaning of the TCPA supplies an improper legal conclusion and lacks an adequate factual foundation. Finally, Snyder may not testify as to his opinion of the strength of Legg's case."

*Id.*

The district court in *Legg* also held that Mr. Snyder's assertions that the defendant used an automatic telephone dialing system were impermissible legal conclusions.

The Plaintiffs failed to justify their untimely new Snyder declaration, and Mr. Snyder's new opinions are inadmissible. The motion to strike should be granted.

## II. Plaintiffs' Opposition fails to explain how the Supplemental Snyder Declaration serves to counter the Cave Declaration

Plaintiffs "bear[] the burden of showing either a substantial justification or that the delayed disclosure was harmless." *AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 78 (D. Mass. 2008). The Court's September 16, 2015 Order held "The court is of the view that Cave's testimony is not that of an expert witness, but rather is testimony based upon personal knowledge as the inventor of auto-dialer technology." (ECF 45.) The four-page Cave Declaration sets forth facts regarding the evolution of auto-dialers during the 1970's and 1980's. That declaration, along with the patents, demonstrate that the "changes in technology" upon which the FCC relied for its ATDS Rules were changes that occurred before the TCPA was enacted in 1991. (Cave Decl., ¶¶ 1-16) (EFC 44-6).

The plaintiffs' new Snyder Declaration does not contain any testimony regarding the historical evolution of auto-dialers and therefore is wholly outside the scope of the Court's September 16, 205 Order. Plaintiffs failed to show that their new Snyder Declaration was authorized by the Court's September 16, 2015 Order.

## III. Plaintiffs' Opposition fails to demonstrate how the "Supplemental" Snyder Declaration did not provide new testimony

Plaintiffs assert Collecto's motion asks this Court to "completely ignore the rules regarding supplementation." (Opposition at 9.) However, it is clear that an attempt to add new theories via expert declaration is improper and is not "supplementation." *See, e.g., Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 499-500 (9th Cir. 2009) (district court

did not err in excluding "supplemental" declaration that offered new theory).  When such "supplementation" is made solely to oppose summary judgment, this only serves to enhance the impropriety.  *See Henderson v. Nat'l R.R. Passenger Corp.,* 412 F. App'x 74, 83 (10th Cir. 2011) (holding "the district court rationally concluded that a 'supplemental' report that adds approximately 180 pages of additional information to a sixteen page report "eight days before the discovery deadline, six months after the Rule 26 deadline, and on the same date that BNSF moved for summary judgment" and just more than one month before all dispositive motions were due would prejudice BNSF and disrupt the litigation. )

The new Snyder Declaration presents new theories and opinions that contradict his previous opinions.  It is therefore not supplemental, and therefore Plaintiffs' case authorities (*Samson Tug & Barge Co. v. United States*, No. 3:03-CV-00006 JWS, 2008 WL 3200695, at *3 (D. Alaska Aug. 6, 2008) and *United States v. Hawley*, 562 F. Supp. 2d 1017, 1030 (N.D. Iowa 2008) that this was merely a timely supplemental expert disclosure are inopposite.

Plaintiffs' Opposition fails to show this contradictory and untimely Supplemental Declaration does not prejudice Collecto.  Plaintiffs do not even attempt to address the factors set forth by the First Circuit in *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 197 (1st Cir. 2006) regarding when the sanction of complete exclusion can be mitigated.  They have therefore conceded this argument.  "Surprise and prejudice are important integers in this calculation. So too is an assessment of what the late disclosure portends for the court's docket." *Gagnon*, 437 F.3d at 197–98 (quoting *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir.2003)).

Plaintiffs have made no attempt to demonstrate how the new Snyder Declaration is not a surprise and how Snyder's new opinions made in Opposition to Collecto's motion for summary judgment would not affect the Court's docket if Collecto has to continue the hearing and take Mr. Synder's deposition again, and file yet another motion.

The untimely Supplemental Snyder Declaration should be stricken.

**IV.   Plaintiffs' Opposition fails to demonstrate that the Supplemental Snyder Declaration does not provide new and contradictory testimony**

"When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."

*Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4–5 (1st Cir.1994). The new Supplemental Snyder Declaration provides new testimony that is the opposite of Mr. Snyder's deposition testimony. Where Mr. Snyder previously testified that he had no opinions, he now has opinions.

None of the decisions Plaintiffs rely upon involve the same clear contradiction. In *Capozza Tile Co. v. Joy*, 223 F. Supp. 2d 307, 318 n.4 (D. Me. 2002), the district court held that the contradictory section of the affidavit was unidentified, but Collecto identified those sections in its motion. In *Hinkley v. Baker*, 122 F. Supp. 2d 57, 60 (D. Me. 2000) the court held that the following allegations were not new, but supplemental:

- The supplemental allegation that the defendant "rubbed my chest for an extended period of time and actually felt my nipples," compared to the previous allegation that the defendant "reached over my shoulder and stuck his hand down my chest underneath my shirt;"

- That the defendant "kissed her regularly, that he kissed her with an open mouth and that he kissed her for a prolonged period of time," compared to the previous allegation that " Defendant kissed her;"

- The supplemental allegation that "During these incidents, Defendant's groin would be placed on top of me and directly against me. Often, if I landed face down when rolling off of the sled, Defendant would lay directly on top of me . . ." compared to the previous allegation that the defendant "would lay on top of her after sledding down a hill."

In stark contrast, Mr. Snyder makes wholesale changes to his testimony.

| Mr. Snyder's Deposition Testimony | Mr. Snyder's Supplemental Snyder Declaration |
|---|---|
| Q. If we have no regulations, do you have any opinion about whether Collecto's GC dialer is equipment which has the **capacity, one, to store or produce telephone numbers to be called using a random or sequential number generator, and two, to dial such numbers?**<br>A. I have no opinion.<br>Q. Do you have any opinion about whether Collecto's Noble dialer is equipment **which has the capacity, one, to store or produce telephone numbers** | In that hypothetical situation, my opinion would still be that Collecto's automatic dialing systems, i.e., the Guaranteed Contacts ("GC") dialer, the Noble Systems dialer, the SoundBite dialer and the LiveVox dialer were all automatic telephone dialing systems under the TCPA. The reason is that not only do each of these systems store telephone numbers to be dialed and automatically dial those stored numbers, *each of these systems has the capacity to produce numbers to be called using a random* |

| | |
|---|---|
| to be called using a random or sequential number generator, and two, to dial such numbers?<br>A. If you take away half the definitions of the technology and regulations, I have no opinion. That's what I use for my analysis.<br>Q. Mr. Snyder, that's fine. That's all I'm asking.<br>A. Yeah, I have no opinion.<br><br>Transcript of August 6, 2015 Deposition of Randall Snyder, pg. 135:24-25, 136:1-23 ("Snyder Depo.") (emphasis added) (ECF 44-8) | *number generator and to store and automatically dial those numbers.*<br><br>Supp. Snyder Decl., ¶ 12. (emphasis added). |

Collecto's Motion for Summary Judgment briefing asserts:

1) That the statutory definition of an ATDS requires that the telephone equipment store or produce numbers to be called via random or sequential number generators. As shown above, Mr. Snyder testified that he had no opinion *based on the statutory definition.*

2) That because the Third Circuit in *Dominguez v. Yahoo, Inc.,* No. 14-1751, 2015 WL 6405811, at *3 n.2 (3d Cir. Oct. 23, 2015) held that random or sequential number generation was not read out of the statute by the FCC Rulings.

Mr. Snyder now states as follows:

"Based on [the question above] I *understood Collecto to ask what my opinion would be in the hypothetical situation where the FCC had not interpreted the definition of an ATDS under 47 U.S.C. §227(a)(1).* In the hypothetical situation described in my deposition, where the FCC had not interpreted the meaning of an ATDS, I would not have an opinion on what constitutes an ATDS until I could review the FCC's interpretation.

(Supp. Snyder Decl., ¶ 10).

However, as shown above, this would not change his previous testimony based on the statutory definition of an ATDS, because both positions (1) and (2) asserted above require random or sequential number generation. Mr. Snyder claims that "capacity" under the FCC's ruling is different than what it is under the statutory definition (Supp. Snyder Decl., ¶ 12) and

that is apparently the basis for his contradicting opinions, but he never articulates how the statutory definition of capacity was different from the FCC interpretation.

Plaintiffs' citation to *Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 332 n.3 (1st Cir. 2005) supports Collecto's position as in that case, the First Circuit *upheld* the striking of the contradictory affidavit. The "contradictory" testimony in Plaintiffs' cited authority *Chiang v. MBNA*, 620 F.3d 30, 31 (1st Cir. 2010) was the plaintiffs' assertion that the credit reporting agencies' testimony that they were not that knowledgeable as to the relationship between Bank of America, MBNA, and FIA was relevant to the CRA's subsequent testimony they searched the relevant account numbers and would have located "all of the documents relating to the Account, irrespective of whether the documents were addressed to FIA, MBNA, or Bank of America." This is a far cry from Mr. Snyder stating he had "no opinion" to having an opinion when Collecto filed its Motion for Summary Judgment.

The First Circuit in *Chiang* also based its decision in not the strike the allegedly contradictory testimony in part on the grounds there was other evidence in the record supporting the testimony. Similarly, in Plaintiffs' cited decision, *Gillen v. Fallon Ambulance Serv., Inc.*, 283 F.3d 11, 27 (1st Cir. 2002), the First Circuit based its decisions in part on the First Circuit's finding that other evidence in the record supported the "contradictory" testimony. In contrast, there is no such other evidence in the record supporting Mr. Snyder's contradictory testimony. *See* Section V, *infra*. Moreover, there is a clear conflict between Mr. Snyder's initial and supplemental opinions. Plaintiffs have not met their burden to provide a "satisfactory" explanation for the contradictory testimony, and therefore it should be stricken.

**V.    Plaintiffs' Opposition fails to identify any relevant foundation for Snyder's opinions**

Plaintiffs assert "Noble and GC Dialers can call from lists of randomly or sequentially generated numbers" and that Collection has admitted these facts. (Opposition at 8, citing Sur Reply, Section II.B.) However, a parsing of Plaintiffs' Sur-Reply and the alleged evidence See Ex. 8 to Parisi Decl., ECF No. 51-14 at 7:18-21,8-9) ignore two facts: (1) Collecto has testified the source of the phone numbers called by its particular Noble and GC Dialers are the FACS database and (2) the FACS Database does not randomly or sequentially generate numbers.

Therefore, even if the Noble and GC Dialers in theory could call numbers not linked to collection accounts, Plaintiffs have not identified where these random or sequential numbers

would be introduced into a call flow that originates from FACS.  Any assertion that the specific Noble and GC dialers that only receive phone numbers from FACS can dial lists of random or sequentially generated numbers is based on pure speculation.  Therefore, Snyder's declaration in this regard is speculative and should be stricken.

Plaintiffs claim that reliance on a manual not produced by Collecto is sufficient support for Snyder's Opinion (Opposition at 8), but this exact argument was rejected by the Southern District of Florida in *Legg*:

> "Phaz2's client handbook, standing alone, provides an insufficient basis for Snyder's opinion regarding the capabilities of VMG's systems. ***Snyder does not know whether VMG actually used the systems discussed in the handbook, or in the manner provided in the handbook.*** Indeed, Snyder cannot even say whether Phaz2's own equipment conforms to the specifications discussed in its handbook."

*Legg*, 2014 WL 1767097, at *5 (emphasis added). This same logic applies to Mr. Snyder's reliance on a website press release about the functionality of the GC Dialer.  Collecto has testified the specific Noble and GC Dialers it used to call Plaintiffs were configured to receive account data (including phone numbers) from Collecto's FACS database.  Mr. Snyder cannot base his opinions on documents that are unrelated to the specifically configured equipment, and therefore his opinions lack foundation.  Plaintiffs' repeated citations to decisions stating that an expert can rely on inadmissible evidence or hearsay are inopposite.  Regardless of the admissibility of these materials, Plaintiffs' testimony on the manual and website printouts lacks reliability. "Rule 702 requires that expert testimony bear an adequate relationship to its supporting data."  *Legg*, at * 5 (citing *Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).

Plaintiffs' assertions that the dialers have the capacity to generate random numbers lack foundation (paragraphs 45-47) particularly as his new testimony in this regard contradicts his deposition testimony.

## VI.  Plaintiffs' Opposition fails to demonstrate Snyder's assertions that Collecto's dialing equipment constitutes an ATDS should not be stricken

Conclusions of law do not "assist the trier of fact" as required by Rule 702.  *Nieves–Villanueva v. Soto–Rivera*, 133 F.3d 92, 100 (1st Cir. 1997) (expert testimony containing legal conclusions cannot properly assist the trier of fact).  As set forth in *Legg*, *supra*, the assertion that

telephone equipment is an ATDS constitutes a legal conclusion.  2014 WL 1767097, at *6.  *See also Abbas v. Selling Source, LLC*, No. 09C3413, 2009 WL 4884471 (N.D.Ill.Dec. 14, 2009) (ATDS allegation that "parroted" statutory language is a "bare legal conclusion entitled to no weight").  Plaintiffs cite *Smith v. Microsoft Corp*., No. 11-CV-1958 JLS BGS, 2013 WL 6497073, at *4 (S.D. Cal. Dec. 10, 2013) for the proposition that Snyder's assertions that Collecto used an ATDS are not legal conclusions, but *Legg* involved the specific issue in this case--whether Mr. Snyder's assertions that telephone equipment constituted an ATDS was a legal conclusion that is subject to exclusion.  This Court, as in *Legg*, should exclude those opinions.

Plaintiffs assert that "an expert may refer to the law in expressing an opinion without crossing the line into a legal conclusion," (citing *Darensburg v. Metro. Transp. Comm'n*, No. C-05-01597 EDL, 2008 WL 4277656, at *2 (N.D. Cal. Sept. 15, 2008).  *Darensburg* is irrelevant, as that decision addressed ancillary legal terms—not a legal conclusion that is the ultimate issue in the case.   Even if experts may be permitted to testify as to an ultimate issue, it is still subject to being stricken.  *Tuli v. Brigham & Women's Hosp., Inc.*, 592 F. Supp. 2d 208, 211 (D. Mass. 2009) (holding testimony as to ultimate issue stricken "because it will not assist the trier of fact in this discrimination case under Fed.R.Evid. 702 and is unduly prejudicial under Fed.R.Evid. 403.")

Paragraphs 9-13, 21-23, and 25-30, 44, 45, 46 of the Snyder Declaration all include Mr. Snyder's statements as to what constitutes an "ATDS.  Given that Mr. Snyder's testimony is already shown to be contradictory and prejudicial, and lacks foundation with respect to his assertions that the Noble and GC Dialers constitute an ATDS, these statements should be stricken.

## VII.    Conclusion

In Opposition to Collecto's Motion for Summary Judgment, Plaintiffs have submitted a submitted an untimely Supplemental Declaration of expert Randall Snyder.  This new Supplemental Declaration is replete with conclusory new opinions that parrot the FCC's regulations, lacks foundation, asserts legal conclusions, and contradicts Mr. Snyder's deposition testimony.  And all of Mr. Snyder's new declaration was untimely disclosed.

For all of the reasons stated herein, the new October 23, 2015 Supplemental Snyder Declaration should be stricken.

DATED: December 18, 2015                              CARLSON & MESSER LLP

                                                  By: /s/ Charles R. Messer
                                                  Calif. Bar No. 101094
                                                  David J. Kaminski, Esq.
                                                  Calif. Bar No. 128509
                                                  Stephen Watkins, Esq.
                                                  Calif. Bar No. 205175
                                                  CARLSON & MESSER LLP
                                                  5959 W. Century Boulevard, Suite 1214
                                                  Los Angeles, CA 90045
                                                  Telephone: (310) 242-2200
                                                  Facsimile: (310) 242-2222
                                                  Email: kaminskid@cmtlaw.com
                                                  Email: MesserC@cmtlaw.com
                                                  Email: WatkinsS@cmtlaw.com
                                                  Lead Counsel for Defendant Collecto, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I, Charles R. Messer, hereby certify that, this 18th day of December 2015, I filed the foregoing documents through the Electronic Case Filing (ECF) system and thus copies of the foregoing will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: December 18, 2015                              CARLSON & MESSER LLP

                                                  By: /s/ Charles R. Messer
                                                      Charles R. Messer