UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation | Master No. 1:14-md-2513-RGS<br><br>This Document Relates To:<br>   All Member Actions |

**PLAINTIFFS' NOTICE OF MOTION TO COMPEL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT Plaintiffs John Lofton and Robert Pegg (collectively, "Plaintiffs") hereby move the Court under Rule 37 for an order compelling Defendant Collecto, Inc. ("Collecto") to provide full and complete responses to Requests for Production of Documents ("RPDs") Nos. 166 to 170 and Requests for Admission ("RFAs") Nos. 84 to 90 under Rule 37(a)(1) and 37(a)(3)(B)(iii) and for the reasonable expenses incurred in making this motion under Rule 37(a)(5)(A).

**PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH REQUESTS FOR PRODUCTION OF DOCUMENTS NOS. 166 TO 170 AND REQUESTS FOR ADMISSION NOS. 84 TO 90 FOR REASONABLE EXPENSES**

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the attached Declaration of David C. Parisi, the complete file and records in this action, any oral argument and other evidence presented at the hearing on this matter, evidence of which the Court may or must take judicial notice, and any other evidence that the Court may wish to consider.

On May 20, 2016, Plaintiffs served their eighth set of RPDs and fifth set of RFAs. On June 22, 2016, Collecto served a limited set of boilerplate objections to each one of Plaintiffs' May 2016 discovery, and refused to provide a single substantive answer. On June 25, Plaintiffs identified the deficiencies in these objections and requested to meet and confer. Collecto did not

respond to that request, and when the parties did finally meet and confer at Plaintiffs' prompting, Collecto initially indicated it would not amend most of its responses and did not follow up in the time agreed upon on its promise to indicate whether it would amend the other responses. (*See* Parisi Decl. ¶19.) Then on July 14, Collecto indicated that it would only provide a supplemental response to request for admission number 84, but that supplemental response has not been received. (*Id.*, ¶¶20-21.) Collecto should make a complete and full response to Plaintiffs' eighth set of RPDs and fifth set of RFAs.

This discovery at issue is broadly relevant to this litigation generally, but also has a specific utility in class certification as well. This discovery seeks facts relevant to whether Collecto's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, were willful or knowing: the TCPA provides for treble damages where the "defendant willfully or knowingly violated" the TCPA. 47 U.S.C. § 227(b)(3). Collecto's willfulness and knowledge are, in turn, are relevant to any argument Collecto may make that class certification is inequitable (or not "superior" under Rule 23(b)(3)) because Collecto's liability to a certified class would be annihilatory. The discovery is also a necessary prelude to class certification, because it will assist Plaintiffs in identifying other potential defendants. Plaintiffs would seek to ensure any new defendants are before the Court before Plaintiffs move for class certification on December 9, 2016. (*Cf.* ECF No. 71.)[1]

Absent substantial justification, Rule 37 requires the Court to award expenses to compensate Plaintiffs for expenses incurred in this motion. Collecto has a long history of obstructing discovery through boilerplate objections. It is clear now that Collecto will continue

---

[1] Although this case was consolidated in February 2014, Collecto began to suggest that it lacked the assets to sustain a judgment or settlement in this case only comparatively recently. For instance, on October 30, 2015, the parties filed a joint stipulation in which Collecto claimed the MDL proceeding "involves class actions where the alleged statutory damages exceed the assets and resources of the defendant." (ECF No. 52 at 1.)

with this conduct (which forces Plaintiffs to seek relief from the Court) until and unless the Court acts to deter it.

Dated: July 18, 2016          By:      /s/David C. Parisi
                                       David C. Parisi

J. Andrew Meyer (Florida Bar No. 056766)
Of Counsel, **MORGAN & MORGAN, Complex Litigation Group**
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505 (telephone)
(813) 222-4787 (facsimile)
ameyer@forthepeople.com

David C. Parisi
**PARISI & HAVENS LLP**
212 Marine Street, Suite 100
Santa Monica, California  90405
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com

*Co-Lead Counsel for the Class*

Ethan Preston
**PRESTON LAW OFFICES**
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
(972) 564-8340 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorney for Plaintiff John Lofton, on his own behalf, and behalf of all others similarly situated*

## CERTIFICATE OF SERVICE

I, David C. Parisi, hereby certify that this document (and all supporting documents) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 18, 2016                         /s/David C. Parisi
                                                           David C. Parisi