# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE OF
## CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into as of the last date of any signature below ("Execution Date") by and among the Parties:

(a)     John Lofton, Robert Pegg, Richard Davenport and Ralph Davenport, on the one hand (collectively, "Representative Plaintiffs"), and

(b)     Collecto, Inc., on the other hand (collectively, "Defendant" or "Collecto").

## RECITALS

**A.**     Representative Plaintiffs filed lawsuits against Defendant under the captions *Lofton v. Collecto, Inc.*, No. 4:13-cv-03293-YGR (N. Dist. Cal.), *Davenport v. Collecto, Inc.*, No. 4:13-cv-13156-TGB-PJK (E. Dist Mich.) and *Pegg v. Collecto, Inc.*, No. 1:13-cv-11944-RGS (D. Mass.).  On February 18, 2014, the United States Judicial Panel on Multidistrict Litigation entered an order which transferred the *Lofton* and *Davenport* actions to the District of Massachusetts and, with the consent of that court, assigned the actions to the Honorable Richard G. Stearns for coordinated or consolidated pretrial proceedings with the *Pegg* action. With an Order entered February 20, 2014, the Hon. Richard G. Stearns coordinated these actions for pretrial purposes under the caption *In re: Collecto, Inc., Telephone Consumer Protection Act (TCPA) Litigation* (hereinafter referred to as the "Action").  In the Action, Representative Plaintiffs claim, among other things, that Defendant is responsible for placing calls to cellular telephones in violation of federal law.  With an order entered May 7, 2014, the Hon. Richard G. Stearns appointed David C. Parisi and J. Andrew Meyer as co-lead counsel.

**B.**     Defendant denies the material allegations in the Action and deny all liability with respect to the facts and claims alleged in the Action.  Nevertheless, without admitting or conceding liability, and while continuing to deny that the claims asserted in the Action would be appropriate for class treatment if prosecuted at trial, Defendant now desires to settle the Action on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing litigation and to put to rest all claims that were, or could have been, brought in the Action or in similar litigation based on the facts alleged in the Action.

**C.**     Class Counsel, as defined below, have analyzed and evaluated the merits of all Parties' contentions, the risks that the Court might not certify a class, the collectability of any final judgment on the merits, and the impact of this Agreement on the members of the Settlement Class, as defined below.  Based on that analysis and evaluation, and recognizing the risks of continued litigation and the likelihood that the Action, if not settled now, may be protracted and will further delay any relief to the proposed class, Representative Plaintiffs and Class Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action on the terms described herein is in the best interests of the proposed Settlement Class.

NOW, THEREFORE, in consideration of the covenants and agreements set forth in this Agreement, the Parties, for themselves and through their undersigned counsel, agree to the

following Settlement, subject to Court approval, under the following terms and conditions.

## I.   DEFINITIONS

In addition to the terms defined parenthetically herein, the following definitions apply to this Agreement.

**1.1**   "Action" means the Action now pending under the caption In Re: Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation, Case No. 14-md-2613-RGS (D. Mass.).

**1.2**   "Claim Payment" means the amount to be paid as follows: A pro rata share of the Common Fund, with each Eligible Claimant receiving an equal amount for each telephone call placed to them by Defendant as reflected in Defendant's records, remaining after payments for attorney's fees, costs and expenses to Class Counsel, payment of Service Awards to the Representative Plaintiffs, and costs of Settlement Administration and Class Notice, so the total of all payments under this Settlement does not exceed Three Million Two Hundred Thousand Dollars ($3,200,000.00).

**1.3**   "Claim Form Deadline" means the date that is seventy-five (75) calendar days after the date established by the Court for the Settlement Administrator to provide Class Notice as set forth in Paragraph 3.3 below.

**1.4**   "Class Counsel" means David C. Parisi of Parisi & Havens LLP and J. Andrew Meyer of Morgan & Morgan.

**1.5**   "Class Notice" means the notice provided to the Settlement Class of the class action status and proposed settlement of the Action.  The Class Notice will include a Settlement Hearing date set by the Court to consider objection, if any, to the settlement and to enter the Settlement Order and Final Judgment.  The Class Notice will be in substantially the form of Exhibits B and C-1.

**1.6**   "*Cy Pres* Recipient" means Privacy Rights Clearinghouse, or whatever other entity(ies) identified in the Preliminary Approval Order as the recipient(s) of any portion of the Common Fun after distribution of Compensation to the Eligible Claimants is complete.

"Distribution Date" means a date sixty (60) calendar days after the date of Final Approval, as defined in section 1.8 below.

**1.7**   "Eligible Claimant" means a Settlement Class Member who complies fully with the claims submission requirements set forth in Paragraphs 4.03 and 4.04 below, including the requirements of timely and complete submission.

**1.8**   "Final Approval" means that all of the following have occurred:

    (a)   The Court has entered the Settlement Order and Final Judgment;

    (b)   The Court has made its final award of attorneys' fees, costs, and Service Awards; and

(c)      Thirty-one (31) calendar days have passed after entry of the Settlement Order and Final Judgment by the Court without any appeals or requests for review of the Court's Settlement Order and Final Judgment being filed, or, if appeals or requests for review have been filed, the time has passed for seeking further review after orders on appeal affirming the Settlement Order and Final Judgment, or review has been denied after exhaustion of all appellate remedies.

**1.9**    "Parties" means Representative Plaintiffs and Defendant.

**1.10**    "Preliminary Approval" means the Court has entered an order substantially in the form of <u>Exhibit A</u> to this Agreement, preliminarily approving the terms and conditions of this Agreement, including the manner of providing Class Notice to the Settlement Class.

**1.11**    "Released Claims" means any and all claims, rights (including rights to restitution or reimbursement), demands, actions, causes of action, suits, liens, damages, attorneys' fees, obligations, contracts, liabilities, agreements, costs, expenses, or losses of any nature, whether known or unknown, direct or indirect, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected, equitable or legal, and whether under federal statutory law, federal common law or federal regulation, or the statutes, constitutions, regulations, ordinances, common law, or any other law of any and all states or their subdivisions, parishes or municipalities that were or could have been alleged or asserted in the Action arising out of or relating to the use by Defendant of an automatic telephone dialing system allegedly prohibited under the Telephone Consumer Protection Act, and that have been or could have been asserted in the Action.

**1.12**    "Released Parties" means Defendant, along with its affiliates, parents, direct and indirect subsidiaries, agents, insurers, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, managers, employees, agents, servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf.

**1.13**    "Representative Plaintiffs" means John Lofton, Robert Pegg, Richard Davenport and Ralph Davenport.

**1.14**    "Service Awards" means the payments to Representative Plaintiffs for their time and effort in connection with this Action in an amount approved by the Court.

**1.15**    "Settlement Administration" means the process under the Court's supervision, which includes, but is not limited to, the manner in which the Class Notice and the making of the calculations, payments, and distributions required under this Agreement, are effectuated. The cost for Class Notice and Settlement Administration will be deducted from the Settlement Fund.

**1.16**    "Settlement Administrator" means Ilym Group, Inc. ("Ilym").

**1.17**    Except as otherwise provided in this Paragraph, "Settlement Class" means:

(a) all natural persons residing in the United States; (b) who received one or more telephone calls from an automatic telephone dialing system operated by Defendant to their cellular telephone number; (c) between July 23, 2009 and June 30, 2014; where (d) the person never had an agreement with the creditor for whom Collecto sought to collect.

The Settlement Class does not include Defendant, any entity that has a controlling interest in Defendant, and Defendant's current or former directors, officers, counsel, and their immediate families. The Settlement Class also does not include any persons who validly request exclusion from the Class. For purposes of settlement only, and without waiving Defendant's rights to contest the appropriateness of class certification should this settlement not be implemented, there are approximately 206,000 persons in the Settlement Class based on an analysis of Defendant's business records.

**1.18**    "Settlement Class Members" means persons and entities meeting the definition of the Settlement Class.

**1.19**    "Settlement Fund" means the amount of Three Million Two Hundred Thousand Dollars ($3,200,000.00) that Defendant will make available to pay Settlement Class Members' claims, attorneys' fees and expenses to Class Counsel, Representative Plaintiff Service Awards, and costs of Settlement Administration and Class Notice. Defendant is not required to place all or any portion of the Settlement Fund into a separate bank account and will not relinquish control of any funds until payments are due except that they must deposit with the Settlement Administrator sufficient funds to pay for Class Notice and initial Settlement Administration.

**1.20**    "Settlement Hearing" means the hearing to be set by the Court to consider objection, if any, to the settlement, a motion for attorney's fees and costs, a service award, and whether to enter the Settlement Order and Final Judgment.

**1.21**    "Settlement Order and Final Judgment" means an order and judgment substantially in the form of <u>Exhibit D</u> to this Agreement, entered by the Court approving this Agreement as final and binding on the Parties, Settlement Class Members, and Released Parties.

**1.22**    "Automatic telephone dialing system" shall have the same meaning as the term is defined by the Telephone Consumer Protection Act at 47 U.S.C. § 227(a)(1) and the various rulings and orders of the Federal Communications Commission interpreting the term.

**1.23**    The plural of any defined term includes the singular and the singular of any defined term includes the plural, as the case may be.

## II.    GENERAL TERMS OF SETTLEMENT

**2.1**    **Payments to Settlement Class Members.** On or before the Distribution

Date, Defendant will pay to each Eligible Claimant, through the Settlement Administrator, the Claim Payment applicable to that Eligible Claimant. This is a common fund settlement and the total common fund shall be Three Million Two Hundred Thousand Dollars ($3,200,000.00).

**2.3     Settlement Administration.**  Settlement Administration shall occur under the Court's supervision. The Parties will engage Ilym Group, Inc., a third-party administrator, to provide Settlement Administration, including but not limited to disseminating Class Notice and notices to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715, overseeing claims processing, and making the calculations, payments, and distributions required under this Agreement. Costs of Settlement Administration will be paid from the Settlement Fund.

**2.4     Payment of Attorneys' Fees and Costs, and Service Awards.**  No later than fifty (50) calendar days after Class Notice is mailed, Class Counsel will apply to the Court for an award of attorneys' fees and costs, and for Service Awards based on the total amount of the Settlement Fund. If Final Approval occurs, the Defendant shall pay from the Settlement Fund to Class Counsel the total amount approved by the Court, in full and complete compensation for attorneys' fees, costs, expenses, and the Service Awards in the manner and at the time set forth in Paragraph 4.2.

## III.     SETTLEMENT APPROVAL AND CLASS NOTICE

**3.1     Preliminary Approval.**  Within thirty (30) calendar days of the Execution Date of this Agreement, the Representative Plaintiffs will move for an order in the form of Exhibit A ("Preliminary Approval Order"), which, among other things, provisionally certifies the Settlement Class for settlement purposes only; appoints Representative Plaintiffs as the representatives of the Settlement Class; appoints Class Counsel as counsel for the Settlement Class; grants the Court's Preliminary Approval of this Agreement; approves the forms of Class Notice, which will be substantially in the forms of Exhibits B and C-1; and sets a Settlement Hearing date to consider objections, if any, to the settlement and to enter the Settlement Order and Final Judgment.

**3.2     Limited Effect of Settlement Class.**  The certification of the Settlement Class shall have no bearing in deciding whether the claims asserted in the Action are or were appropriate for class treatment in the absence of settlement. If this Agreement terminates or is nullified, the provisional class certification in Exhibit A shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Agreement. Thereafter, Representative Plaintiffs shall be free to pursue any claims available to them, and Defendant shall be free to assert any defenses available to it, including but not limited to, denying the suitability of this case for class treatment. Nothing in this Agreement shall be argued or deemed to estop any Party from asserting such claims and defenses.

**3.3     Class Notice.**  The Parties will request that the Preliminary Approval Order direct that, within thirty (30) calendar days of entry of the Preliminary Approval Order, the Settlement Administrator shall provide Class Notice of the provisional class certification and proposed settlement to all Settlement Class Members by postcard and web posting, as set

forth below.  Defendant shall pay the cost of Class Notice and related Settlement Administration costs within fifteen (15) calendar days after the date on which the Preliminary Approval Order is approved and filed by the Court.

       **3.3.1**    **Postcard Notice.**  The Settlement Administrator will provide notice by a  postcard sent via United States mail containing text substantially in the form of <u>Exhibit B</u> to  Settlement Class Members whose names and addresses it is reasonably able to locate.  The  Settlement Administrator shall re-mail any postcard notice returned as undeliverable.  The postcard Class Notice will direct recipients to the website and the toll-free telephone number with interactive voice response  ("IVR") referred to in Paragraphs 3.3.2 and 3.3.3 below.

       **3.3.2**    **Web Posting.**  The Settlement Administrator shall post a downloadable copy of a Class Notice in the form of <u>Exhibit C-1</u> and Claim Form in the form of <u>Exhibit C-2</u>, in .pdf format on a website it establishes.  The website shall accept on-line submissions of claims.  The Internet address of the website shall be included prominently on the postcard Class Notice described in Paragraph 3.3.1 above.  The website shall be active and accessible beginning on the date on which the transmittal of Class Notice commences through the Distribution Date.  At a minimum, the website shall make available copies of the Notice, Settlement Agreement, the preliminary approval Order, Class Counsel's motion for attorneys' fees and costs, and any motion for a Service Award.

       **3.3.3**    **PR Newswire Media Notice.**  The Settlement Administrator shall cause to be posted a PR Newswire Media Notice which describes the settlement Agreement and identifies the Internet address of the website where the Class Notice and Claim Form may be accessed.

       **3.3.4**    **Toll-Free Telephone Number**.  The Settlement Administrator shall establish a toll-free telephone number with IVR to provide general information about the Settlement.  The toll-free telephone number shall be active and accessible beginning on the date  on which the transmittal of Class Notice commences through the Distribution Date.

       **3.4**    **Submission of Exclusion Requests or Objections.**  Representative Plaintiffs will request that the Preliminary Approval Order direct that Settlement Class Members be allowed seventy-five (75) calendar days after the date established by the Court for the Settlement Administrator to provide Class Notice as set forth in Paragraph 3.3 above to request exclusion from the Settlement Class or to submit objections to the proposed Settlement.  The Class Notice described in Paragraph 3.3 above shall direct that exclusion requests, if any, be sent to the Settlement Administrator, which will provide periodic updates on exclusion requests to Defendant's counsel and Class Counsel.  The Class Notice described in Paragraph 3.3 above shall direct that objections, if any, shall be filed with the Court and served on the Parties.  Any re-sending of Class Notice shall not extend the time for a Settlement Class Member to request exclusion or submit objections.

       **3.5**    **Entry of Final Judgment.**  Representative Plaintiffs will request that the Court (a) grant Final Approval and (b) enter judgment in accordance with this Agreement, in the

form of <u>Exhibit D</u>, approving the Agreement as fair, reasonable, and adequate, and binding on all Settlement Class Members who have not excluded themselves, ordering that the Claim Payments be paid to Eligible Claimants (as set forth below in Paragraph 4.6), ordering that attorneys' fees, costs, expenses, and the Service Awards be paid in the amounts approved by the Court, approving the form and manner of Class Notice provided, dismissing the Action with prejudice, and barring Settlement Class Members from bringing claims within the scope of the Released Claims.

**3.6    Reporting.** Within ninety (90) calendar days of completing the distribution of payments pursuant to Section IV below, Defendant will provide the Court a report verifying its compliance with this Agreement to the date of the report.

## IV.    ADMINISTRATION AND DISTRIBUTION OF THE COMMON FUND

**4.1    Responsibility for Distributions.** The Defendant and the Settlement Administrator will be responsible for making all distributions specified under this Agreement. The Settlement Administrator will have authority to make the computations necessary to determine the Claim Payment for each Eligible Claimant, as well as the authority to make all decisions reasonably necessary for the orderly implementation and administration of this Agreement and the distribution of all payments prescribed in this Agreement. The Settlement Administrator shall have no liability for any computation or Settlement Administration decision made in good faith and not inconsistent with the express terms of this Agreement.

**4.2    Distribution of Attorneys' Fees and Costs, and Service Awards.** No later than fourteen (14) calendar days after the date of Final Approval, the Defendant shall pay to Class Counsel the attorneys' fees, costs, expenses, and the Service Awards in amounts approved by the Court by a check or wire transfer (at the Defendant's option) as directed by Class Counsel. Defendant and the Settlement Administrator shall have no responsibility or liability to any counsel not included in the definition of Class Counsel, but claiming some right to fees as a result of resolution of the Action, or any payment to the Representative Plaintiffs. Defendant's obligations with respect to any fees, costs, expenses, or payments to any of Class Counsel (or to any counsel not included in the definition of Class Counsel but claiming some right to fees as a result of resolution of the Action) or to the Representative Plaintiffs shall be fully and forever discharged upon their payment to the Settlement Fund pursuant to this Agreement. Other than Defendant's obligation to cause payment of the attorneys' fees, costs, expenses, and the Service Awards in amounts approved by the Court, Defendant shall have no further obligations to (a) Class Counsel, (b) any other counsel not included in the definition of Class Counsel but claiming some right to attorneys' fees, costs, and/or expenses, or (c) the Representative Plaintiffs.

**4.3    Submission of Claims and Eligibility for Distribution.** To be eligible for distribution of any other Claim Payment pursuant to this Agreement, Settlement Class Members must submit a completed Claim Form, substantially in the form attached in <u>Exhibit C-2</u>. Settlement Class Members may submit completed Claim Forms over the Internet via the on-line claim submission in the Settlement Website or to the address set forth on the Class Notice by a date specified in the Class Notice, which shall be not less than seventy-five (75)

calendar days after the date established by the Court for the Settlement Administrator to provide Class Notice as set forth in Paragraph 3.3 above.

**4.4    Determination of Claims.**  The Parties shall have the right (but not the obligation) to verify the truthfulness of the representations on any Claim Form and the right (but not the obligation) to reject any claim on which a material misrepresentation appears. The Parties will have the option to contest any rejection and any dispute will be decided by the Court, as provided in Paragraph 4.5 below.  If a Settlement Class Member's Claim Form is properly completed, signed and submitted within the specified time, and neither party directs the Settlement Administrator to deny the claim based on alleged material misrepresentation within fourteen (14) calendar days of Final Approval (or the direction is reversed, as set forth below), that Settlement Class Member will be deemed an "Eligible Claimant" entitled to the Claim Payment.

**4.5    Notification to Class Counsel.**  No later than thirty (30) calendar days after Final Approval, the Settlement Administrator shall provide Defendant, Defendant's undersigned counsel, and Class Counsel with (i) the names and addresses of Eligible Claimants whose claims have been approved, and the Claim Payment payable to each Eligible Claimant, and (ii) the names and addresses of claimants deemed not eligible by the Settlement Administrator or challenged by a Party as a material misrepresentation, and a brief statement of the reason(s) why the claim has been disallowed or challenged, including any claim of material misrepresentation.  The Settlement Administrator may provide this information in such form or media as Defendant and Class Counsel reasonably agree, subject to approval by the Settlement Administrator.  The Parties have the right to review the eligible and ineligible claims.  If a party does not object in writing to the Settlement Administrator's claims decisions and amounts or challenges by a party within fourteen (14) calendar days after receipt, the Parties shall have no further right to object to the Settlement Administrator's list of claims and amounts payable. Should one of the Parties timely object to the claims decision or computations, Defendant and Class Counsel promptly shall seek to resolve any such dispute.  If they cannot reach agreement within five (5) calendar days of receipt of a timely objection, the Parties shall submit their disagreement to the Court for disposition.

**4.6    Manner of Distribution.**  The Settlement Administrator shall make the payments required to Eligible Claimants by check on or before the Distribution Date.  After paying from the Settlement Fund the cost of Class Notice, the attorney fees, costs, expenses and Service Awards which are approved by the Court, and after paying the Settlement Administration costs from the Settlement Fund, the Defendant shall deliver to the Settlement Administrator the remainder to pay the total cash component of aggregated Claim Payments after any necessary adjustment pursuant to Paragraph 1.2 no later than seven (7) days before the Distribution Date.  The Settlement Administrator shall not have any obligation to re–mail any check returned after a payment in accordance with this Paragraph. Checks issued pursuant to this Paragraph shall remain valid for one hundred eighty (180) calendar days after issuance, and shall recite that limitation on the face of the check.  The value of any Claim Payments remaining uncashed after one hundred eighty (180) calendar days will be paid to the Court approved *cy pres* recipient.

**4.7    Notification to Eligible Claimants.**  At the time of payment by check,

Eligible Claimants will be notified that the check represents their payment under this Agreement.  The determination of the payment amount is final and not subject to challenge by the claimant.

**4.8     Notification to Claimants Deemed Not Eligible.**  At or before the time of payment by check to Eligible Claimants, the Settlement Administrator will notify claimants deemed not eligible by postcard that their claim has been disallowed, together with a brief statement of the reason(s) why the Settlement Administrator disallowed their claim and that the  determination of disallowance is final and not subject to challenge by the claimant.

## V.     RELEASES

**5.1     Sole and Exclusive Remedy.**  This settlement shall be the sole and exclusive  remedy for any and all Released Claims against the Released Parties.  Each Settlement Class   Member (including anyone claiming by or through him or her) shall be barred from initiating,  asserting, or prosecuting the Released Claims.

**5.2     Class Release to Defendant and the Released Parties.**  Effective upon Final Approval, the Representative Plaintiffs, for themselves and as representatives of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of  their respective agents, successors, heirs, assigns, and any other person who can claim by or through the Representative Plaintiffs or the Settlement Class Members in any manner, shall have  fully, finally, and forever irrevocably released, relinquished, and forever discharged with prejudice all Released Claims against the Released Parties.

**5.3     Individual Releases by Representative Plaintiffs.**  Effective upon Final Approval, the Representative Plaintiffs, for themselves and on behalf of their respective agents,   successors, heirs, assigns, and any other person who can claim by or through them in any  manner, shall have fully, finally and forever irrevocably released, relinquished and forever  discharged with prejudice all Released Claims against the Released Parties.

**5.4     Effect of Releases.**  With respect to any and all Released Claims, the Parties stipulate and agree that upon Final Approval, the Representative Plaintiffs and Defendant, for  themselves and on behalf of their respective agents, successors, heirs, assigns, and any other person who can claim by or through each or any of them, shall expressly waive, and each  Settlement Class Member and each Settlement Class Members' respective agents, successors,   heirs, assigns, and any other person who can claim by or through each or any of them, in any  manner, shall be deemed to have waived, and by operation of the judgment of the Court shall  have expressly waived, any and all claims, rights, or benefits they may have under California  Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may be  applicable.  The Parties agree and acknowledge that this waiver is an essential term of this  Agreement.  California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

## VI.    MISCELLANEOUS PROVISIONS

**6.1    Settlement Purpose of Agreement.**  This Agreement is governed by the terms of  Federal Rule of Evidence 408 and is for settlement purposes only, and neither the fact of, nor any  provision contained in this Agreement or its attachments, nor any action taken hereunder shall  constitute, be construed as, or be admissible in evidence as, any admission of the validity of any  claim, defense or any fact alleged by any of the Parties in the Action or in any other pending or  subsequently filed action or of any wrongdoing, fault, violation of law, or liability of any kind on  the part of any Party, or admission by any Party of any claim, defense or allegation made in the  Action or any other action, nor as an admission by Defendants, Representative Plaintiffs, or Settlement Class Members of the validity of any fact or defense asserted against them in the  Action or any other action.  If the Court should for any reason fail to approve this Agreement in  the form substantially agreed to by the Parties, decline to enter the Settlement Order and Final  Judgment in the form of <u>Exhibit D </u>without material modification, or impose any condition to  approval of the settlement to which the Parties do not consent, or if the Settlement Order and  Final Judgment is reversed or rendered void, then (a) this Agreement shall be considered null and  void, (b) neither this Agreement nor any of the related negotiations shall be of any force or   effect, and (c) all Parties to this Agreement shall stand in the same position, without prejudice, as  if the Agreement had been neither entered into nor filed with the Court.  Invalidation of any  material portion of this Agreement shall invalidate this Agreement in its entirety unless the  Parties agree in writing that the remaining provisions shall remain in full force and effect.  This  includes that the provisional certification of the Settlement Class shall have no bearing in  deciding whether the claims asserted in the Action are or were appropriate for class treatment in  the absence of settlement.  If this Agreement terminates or is nullified, the provisional class  certification in <u>Exhibit A </u>shall be vacated by its terms, and the Action shall revert to the status  that existed before the execution of this Agreement.  Upon nullification of this Agreement,  Representative Plaintiffs shall be free to pursue any claims available to them, and Defendant  shall be free to assert any defenses available to it, including, but not limited to, denying the  suitability of this case for class treatment or seeking to require individual arbitration of the claims asserted in the Action.  Nothing in this Agreement shall be argued or deemed to estop any Party from the assertion of such claims or defenses.  In the event the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties, decline to enter the Settlement Order and Final Judgment in the form of <u>Exhibit D</u>, or impose any condition to approval of the settlement to which the Parties do not consent, or if the Settlement Order and  Final Judgment is reversed or rendered void, the Parties will negotiate in good faith to address  the issues raised by said events.

**6.2    Cooperation.**  The Parties and their counsel will cooperate fully in the process of  seeking settlement approval.  Class Counsel warrant and agree they will take all steps necessary   to obtain and implement Final Approval of this Agreement, to defend the Settlement Order and  Final Judgment through all stages of any appeals that may be taken (regardless of who  prosecutes the appeal), to give Released Parties full and final peace from further prosecution of  the Released Claims, and to give the Settlement Class Members the benefits they enjoy under  this Agreement.

**6.3    Governing Law.**  This Agreement is intended to and shall be governed by the  laws of the Commonwealth of Massachusetts, without regard to its rules regarding conflict of laws.

**6.4    Entire Agreement.**  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to  the subject matter of this Agreement, superseding all previous negotiations and understandings,   whether oral or in writing, express or implied, and may not be contradicted by evidence of any  prior or contemporaneous agreement, subject only to the agreement regarding the number of  exclusion requests that permits Defendant to terminate this Agreement at its sole discretion  pursuant to Paragraph 3.5 above.  Any modification of the Agreement that may adversely affect  Settlement Class Members' substantive rights must be in writing and signed by Representative  Plaintiffs and Defendant; any other modification of the Agreement must be in writing and  signed by Class Counsel and Defendant's undersigned counsel.

**6.5    Construction of Agreement.**  The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after extensive negotiation, with consideration by and participation of counsel for all Parties.  The Agreement shall be construed according to the fair intent of the language taken as a whole, and not for or against any Party.

**6.6    Public Statements.**  No party will make public statements about the settlement (including specifically the amount of the settlement), except to the extent contained in materials available to the public in the Court's files.

**6.7    Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of  the Parties hereto and their respective heirs, successors, and assigns.

**6.8    Waiver.**  The waiver by one Party of any provision or breach of this Agreement  shall not be deemed a waiver of any other provision or breach of this Agreement.

**6.9    Effectiveness of Agreement; Counterparts.**  This Agreement shall become effective upon the last date of its execution by all of the persons for whom signature spaces have  been provided below.  The Parties and their counsel may execute this Agreement in counterparts  (any one or all of which may be facsimile or PDF/electronic copies), and execution in  counterparts shall have the same force and effect as if all signatories had signed the same  document.

**6.10    Use and Retention of Information.**  The list of Eligible Claimants' names, addresses and phone numbers referred to in Paragraph 4.5 of this Agreement, any Claim Forms submitted under Paragraph 4.3 above, and any other documentation containing the names, addresses, or phone numbers of Settlement Class Members, is "Confidential" material subject to the Stipulation and Protective Order entered November 3, 2014, in the Action [Dkt. 29], but need not be returned to the producing party or destroyed in accordance with Paragraph 13 of the Protective Order.

**6.11    Continuing Jurisdiction.** The Court shall retain exclusive and continuing

jurisdiction over this Agreement and over all Parties and Settlement Class Members to interpret, effectuate, enforce, and implement this Agreement. The Court shall have exclusive jurisdiction to resolve any disputes involving this Agreement, subject to the dispute resolution mechanism set forth in Paragraph 4.5.

**6.12    Authority.** Each individual signing this Agreement represents and warrants that he or she has the authority to sign on behalf of the Party for which that individual signs.

**6.13    Assignment; Third Party Beneficiaries.** None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any member of the Settlement Class without the express written consent of the other Parties. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and shall not be construed to confer any right or to afford any remedy to any other person.

**6.14    Communications**. Any communications to the Parties relating to this Agreement shall be sent to all counsel signing this Agreement on behalf of the Parties.

**6.15    Calculation of Time.** All time listed in this Agreement is in calendar days. Time is calculated by (a) excluding the day of the event that triggers the period; (b) counting every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) including the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.


AGREED TO AND ACCEPTED:

Robert Pegg
Individually and as Representative
Plaintiff for the Settlement Class

Dated: 07/12/2017 _____        By: _____
                                            Robert Pegg


John Lofton
Individually and as Representative
Plaintiff for the Settlement Class

Dated: _____        By: _____
                                  John Lofton

jurisdiction over this Agreement and over all Parties and Settlement Class Members to interpret, effectuate, enforce, and implement this Agreement. The Court shall have exclusive jurisdiction to resolve any disputes involving this Agreement, subject to the dispute resolution mechanism set forth in Paragraph 4.5.

**6.12    Authority.** Each individual signing this Agreement represents and warrants that he or she has the authority to sign on behalf of the Party for which that individual signs.

**6.13    Assignment; Third Party Beneficiaries.** None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any member of the Settlement Class without the express written consent of the other Parties. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and shall not be construed to confer any right or to afford any remedy to any other person.

**6.14    Communications.** Any communications to the Parties relating to this Agreement shall be sent to all counsel signing this Agreement on behalf of the Parties.

**6.15    Calculation of Time.** All time listed in this Agreement is in calendar days. Time is calculated by (a) excluding the day of the event that triggers the period; (b) counting every day, including intermediate Saturdays, Sundays, and legal holidays; and (c) including the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

AGREED TO AND ACCEPTED:

Robert Pegg
Individually and as Representative
Plaintiff for the Settlement Class

Dated:_____     By:_____
                                              Robert Pegg

John Lofton
Individually and as Representative
Plaintiff for the Settlement Class

Dated:____7/12/17_____     By:_____
                                              John Lofton

Ralph Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated: 7/12/2017 _____      By: _____
                                        Ralph Davenport


Richard Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated: 7/12/2017 _____      By: _____
                                        Richard Davenport


Collecto, Inc., Defendant


Dated: _____      By: _____
                                        Matthew Clark, General Counsel


Approved as to form:


Dated: _____      By: _____
                                        David C. Parisi (California Bar No. 162248)
                                        Parisi & Havens LLP
                                        212 Marine Street, Suite 100
                                        Santa Monica, California 90405
                                        Sherman Oaks, California 91403
                                        (818) 990-1299 (telephone)
                                        (818) 501-7852 (facsimile)
                                        dcparisi@parisihavens.com


Dated: _____      By: _____
                                        J. Andrew Meyer (Florida Bar No. 056766)
                                        Morgan & Morgan, Complex Litigation

Ralph Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated:_____

By:_____
      Ralph Davenport


Richard Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated:_____

By:_____
      Richard Davenport


Collecto, Inc., Defendant

Dated:  _7 - 12 - 17_____

By:_____
      Matthew Clark, General Counsel


Approved as to form:

Dated:_____

By:_____
David C. Parisi (California Bar No. 162248)
Parisi & Havens LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
Sherman Oaks, California 91403
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com


Dated:_____

By:_____
J. Andrew Meyer (Florida Bar No. 056766)
Morgan & Morgan, Complex Litigation

Ralph Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated:_____   By:_____
                                      Ralph Davenport


Richard Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated:_____   By:_____
                                      Richard Davenport


Collecto, Inc., Defendant

Dated:_____   By:_____
                                      Matthew Clark, General Counsel


Approved as to form:

Dated: 7/12/2017                 By:_____
                                 David C. Parisi (California Bar No. 162248)
                                 Parisi & Havens LLP
                                 212 Marine Street, Suite 100
                                 Santa Monica, California 90405
                                 Sherman Oaks, California 91403
                                 (818) 990-1299 (telephone)
                                 (818) 501-7852 (facsimile)
                                 dcparisi@parisihavens.com


Dated:_____   By:_____
                                 J. Andrew Meyer (Florida Bar No. 056766)
                                 Morgan & Morgan, Complex Litigation

Ralph Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated:_____     By:_____
                                    Ralph Davenport


Richard Davenport
Individually and as Representative
Plaintiff for the Settlement Class

Dated:_____     By:_____
                                    Richard Davenport


Collecto, Inc., Defendant

Dated:_____     By:_____
                                    Matthew Clark, General Counsel


Approved as to form:

Dated:_____     By:_____
                                David C. Parisi (California Bar No. 162248)
                                Parisi & Havens LLP
                                212 Marine Street, Suite 100
                                Santa Monica, California 90405
                                Sherman Oaks, California 91403
                                (818) 990-1299 (telephone)
                                (818) 501-7852 (facsimile)
                                dcparisi@parisihavens.com


Dated: 7-12-17_____     By:_____
                                J. Andrew Meyer (Florida Bar No. 056766)
                                Morgan & Morgan, Complex Litigation

Group
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505 (telephone)
(813) 222-4787 (facsimile)
ameyer@forthepeople.com

Co-Lead MDL Counsel for Plaintiffs

Dated: July 12, 2017

By: _Charles R. Messer_

Charles R. Messer (California Bar No. 101094)
David J. Kaminski (California Bar No.128509)
Carlson & Messer LLP
9841 Airport Boulevard, Suite 1200
Los Angeles, California 90045
(310) 242-2200 (telephone)
(310) 242-2222 (facsimile)
messerc@cmtlaw.com
kaminskd@cmtlaw.com

Lead MDL Counsel for Defendant Collecto, Inc.

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: COLLECTO, INC. TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION | ) Master MDL No. 14-md-2513-RGS ) ) ) This Document Relates To: ) ) 1:13-cv-11944-RGS ) 1:14-cv-10478-RGS ) 1:14-cv-10532-RGS ) |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs have filed a Motion for an Order Preliminarily Approving Class Action Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A.     Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Settlement Class and a hearing, to settle this action on the terms and conditions set forth in the Settlement Agreement and Release of Claims (the "Agreement").

B.     The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter.  The terms of the Agreement are hereby incorporated as though fully set forth in this Order.  Capitalized terms shall have the meanings attributed to them in the Agreement or as defined herein.

C.     Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter a Settlement Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1.     ***Preliminary Approval of Proposed Settlement***.  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate.  The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an

experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members

of the Settlement Class and the Settlement Hearing described below.

2.   ***Class Certification for Settlement Purposes Only***.

(a)   Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes

only, conditionally certifies the following Settlement Class:

> (a) all natural persons residing in the United States; (b) who received one or
> more telephone calls from an automated telephone dialing system operated
> by Defendant to their cellular telephone number; (c) between July 23, 2009
> and June 30, 2014; where (d) person never had an agreement with the
> creditor for whom Collecto sought to collect.

(b)   In connection with the certification, the Court makes the following

preliminary findings:

(1)   The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) because the

Settlement Class appears to be so numerous that joinder of all members is impracticable as there

are approximately 206,000 persons in the Settlement Class based on an analysis of  Defendant's

business records;

(2)   The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) because

there appear to be questions of law or fact common to the Settlement Class;

(3)   The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) because the

claims of the Representative Plaintiffs appear to be typical of the claims being resolved through

the proposed settlement;

(4)   The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) because the

Representative Plaintiffs appear to be capable of fairly and adequately protecting the interests of

the above-described Settlement Class in connection with the proposed settlement and because

counsel representing the Settlement Class are qualified, competent, and capable of prosecuting

this action on behalf of the Settlement Class.

(5)   The Settlement Class satisfies the requirements of Fed. R. Civ. P.

23(b)(3) because, for purposes of settlement approval and administration, common questions of

law and fact appear to predominate over questions affecting only individual Settlement Class

Members and because settlement with the above-described Settlement Class appears to be

superior to other available methods for the fair and efficient resolution of the claims of the

Settlement Class.  The Settlement Class appears to be sufficiently cohesive to warrant settlement

by representation.

        (c)     In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

        (d)     Plaintiffs Robert Pegg, John Lofton, Richard Davenport and Ralph Davenport are hereby designated as class representatives.

3.     ***Class Counsel***.  The Court appoints David C. Parisi and J. Andrew Meyer as counsel for the Settlement Class ("Class Counsel").  For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

4.     ***Settlement Administrator***.  The Court appoints Ilym Group, Inc. ("Ilym") as Settlement Administrator.  Responsibilities of the Settlement Administrator shall include the following: (a) disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the Notice Program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) receiving, processing, classifying, and paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

5.     ***Settlement Hearing***.  A final approval hearing (the "Settlement Hearing") shall be held before this Court on [PROPOSED: a date at least 133 calendar days from entry of this Order] _____, 2017, at_____.m., as set forth in the Class Notice (described in Paragraph 6 below), to determine whether the Agreement is fair, reasonable, and adequate and should be given final approval.  Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees, costs and expenses and for Service Awards to the Representative Plaintiffs (the "Fee and Expense Application") shall be filed with the Court according to the schedule set forth in Paragraphs 13 and 14, below.  The Court may postpone, adjourn, or continue the Settlement Hearing without further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

6.     ***Class Notice***.  The Court approves the form and content of the notices substantially in the forms attached as Exhibits B and C-1 to the Agreement.  The Settlement Administrator shall comply with the notice requirements of Paragraph 3.3 of the Agreement.  In

compliance with that Paragraph, within thirty (30) days after entry of this Order, Settlement Administrator shall cause notice to be delivered in the manner set forth in the Agreement to all Settlement Class Members who can be identified with reasonable effort.  Class Notices sent by U.S. Mail shall be substantially in the form attached as Exhibit B to the Agreement, and a notice substantially in the form attached as Exhibit C-1 to the Agreement shall be posted at a website, the Internet address for which shall be disclosed in the notices transmitted by U.S. Mail, as described in Paragraph 3.3.2 of the Agreement.  At a minimum, the website shall allow for online submission of claims, make available copies of the Notice, Settlement Agreement, this Order, class counsel's motion for attorneys' fees and costs when filed, and any motion for a Service Award.  General information about the settlement shall be made available through a toll-free telephone number, as described in Paragraph 3.3.4 of the Agreement.

7.     *Filing of CAFA Notice.*  Before the Settlement Hearing, Defendant shall file  with the Court information regarding compliance with the notice provisions of the Class  Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

8.     *Findings Concerning Class Notice*.  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 6 above and Paragraph 3.3 of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this Action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class.  The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable laws.

9.     *Exclusion from Settlement Class*.  Each Settlement Class Member who wishes to exclude himself or herself from the Settlement Class and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Settlement Class may mail a written request for exclusion, in the form specified in the Class Notice, to the third-party administrator at the address set forth in the Class Notice.  All such written requests must be postmarked no later than seventy-five (75) days after the date for delivery of the Class Notice as set forth in Paragraph 6 above.  All persons who properly request exclusion from the Settlement Class shall not be Settlement Class Members and shall have no rights with respect to, nor be bound by, the

Agreement, should it be finally approved.  The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

10.     ***Claims Procedures***.  The Court approves the claims procedures set forth in the Agreement.  The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit C-2 to the Agreement.  A properly executed Claim Form must be submitted as required in the Class Notice on the settlement website or postmarked not later than seventy-five (75) days after the date on which the Settlement Administrator commences transmittal of Class Notice.  Each Claim Form shall be deemed to have been submitted when submitted on the settlement website or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no less than thirty (30) days prior to the Distribution Date.  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

11.     ***Costs of Class Notice and Claims Processing.***  Defendant shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Actions and of processing claims, which shall be paid from the Settlement Fund.

12.     ***Objections and Appearances***.

(a)     ***Written Objections***.  Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement, or the Fee and Expense Application.  Any Settlement Class Member who wishes to object to the Settlement, must submit his or her objection in writing, via U.S. Mail postmarked no later than seventy-five (75) days after the date for delivery of the Class Notice as set forth in Paragraph 6 above to:

> David C. Parisi, Esq.
> Parisi & Havens LLP
> 212 Marine Street, Unit 100
> Santa Monica, CA  90405
>
> Charles R. Messer, Esq.
> Carlson & Messer LLP
> 9841 Airport Boulevard, Suite 1200
> Los Angeles, California 90045

and <u>must </u>file a copy of the written objection with the Clerk of the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts  02210, by the same date.

(b)     Objecting Settlement Class Members must include their name and address, the name, the cellular telephone they contend was called and number of the case, and a statement of the reasons why they believe the Court should find that any portion of the proposed settlement is not in the best interests of the Settlement Class.  Any objection not timely made in this manner shall be forever barred.

(c)     ***Appearance at Settlement Hearing.***  Any objecting Settlement Class Member who wishes to address the Court at the Settlement Hearing must indicate his or her intent to do so in writing to Class Counsel and the Court at the same time that the Settlement Class Member submits the objection.  Any Settlement Class Member who does not timely deliver a written objection and notice of intention to appear by seventy-five (75) days from the date for delivery of the Class Notice as set forth in Paragraph 6 above, in accordance with the requirements of this Order, shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.

(d)     ***Fees and Expense Application and Service Awards***.  Class Counsel shall file their Fee and Expense Application and request for any Service Awards, together with all supporting documentation, by no later than fifty (50) calendar days after Class Notice is delivered, sufficiently in advance of the expiration of the objection period that any Settlement Class Member will have sufficient information to decide whether to object and, if applicable, to make an informed objection.

(e)     ***Motion for Final Approval and Responses to Objections***.  Representative Plaintiffs shall file with the Court their motion for final approval of the Settlement and any responses to objections to the Agreement or the Fee and Expense Application and/or Service Awards, together with all supporting documentation, within fourteen (14) calendar days after the deadline for serving objections.

13.     ***Dates of Performance***.  In summary, the dates of performance are as follows:

(a)     Class Notice shall be sent to potential Settlement Class Members on or before _____, 2017, i.e., within thirty (30) days after entry of this Order;

(b)     Class Counsel's Fee and Expense Application and request for Service Awards, and all supporting  materials, shall be filed no later than  _____, 2017, i.e.,

fifty (50) days after Class Notice is mailed;

(c)     Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by_____, 2017, i.e., within seventy-five (75) calendar days from the date for delivery of the Class Notice as set forth in Paragraph 6 above;

(d)     All objections to the Agreement or the Fee and Expense Application shall be filed and served by _____, 2017, i.e., within seventy-five (75) calendar days from the date for delivery of the Class Notice as set forth in Paragraph 6 above;

(e)     Representative Plaintiffs' final approval motion, responses to objections, and all supporting materials, shall be filed by_____, 2017, i.e., within fourteen (14) calendar days after the deadline for serving objections;

(f)     The Settlement Hearing shall be held on_____, 2017, at _____ _.m., [PROPOSED: at least one hundred thirty three (133) calendar days after entry of this Order]; and

(g)     Settlement Class Members who desire to submit Claim Forms shall do so by_____, 2017, i.e., seventy-five (75) calendar days after the date for delivery of the Class Notice as set forth in Paragraph 6 above.

14.     ***Effect of Failure to Approve the Agreement***.  In the event the Court does not finally approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment and Final Approval as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

(a)     All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b)     The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

(c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Representative Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action for purposes of considering settlement approval; and

(d)      Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

15.      ***Discretion of Counsel.***  Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

16.      ***Stay of Proceedings Pending Approval of the Settlement.***  All proceedings before the Court are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

17.      ***Injunction Against Asserting Released Claims Pending Settlement Approval.***  Pending final determination of whether the settlement should be approved, Representative Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

18.      ***Reservation of Rights and Retention of Jurisdiction.***  The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Dated: _____          _____

The Honorable Richard G. Stearns
United Stated District Court Judge for the
District of Massachusetts

**Exhibit B**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

**If you received a call from Collecto, Inc. before July 1, 2014, you may be entitled to payment up to approximately $40 per call under a class action settlement.**

*The United States District Court for the District of Massachusetts authorized this Notice. This is not a solicitation from a lawyer.*

- A proposed settlement of a class action lawsuit relates to allegations that Collecto, Inc. ("Defendant") placed calls to cellular telephones in violation of federal law.  The case is known as *In re: Collecto, Inc. TCPA Litigation*, Case No. 14-md-2513-RGS.

- Defendant denies all allegations of wrongdoing in the lawsuit.  As part of the proposed settlement, Defendant does not admit to any wrongdoing and continue to deny the allegations against them.

- The proposed Settlement provides for payments to each class member submitting a valid Claim Form by _____**[75 days after notice]**, (an "Eligible Claimant").  The criteria for a valid Claim Form are described below.

- Your legal rights are affected whether you act or don't act.  Please read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment under the settlement. |
| **EXCLUDE YOURSELF** | Get no payment under the settlement.  This is the only option that allows you to be part of any other lawsuit against Defendant about the legal claims in the case. |
| **OBJECT** | Write to the Court about why you don't like the settlement.  You can do this only if you don't exclude yourself. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the settlement.  You can do this only if you don't exclude yourself. |
| **DO NOTHING** | You will receive no payment under the settlement and will give up your rights to assert any claims about the legal claims in the case against Defendant. |

- This Notice explains these rights and options—**and the deadlines to exercise them**.

- The Court must decide whether to approve the settlement as part of the process described in this Notice.  Payments will be made if the Court approves the settlement.

{00069650;1}

# Table of Contents              **Page**

**Basic Information   3**

1. Why did I get a Notice? .................................................................. 3
2. What is the lawsuit about?............................................................. 3
3. Why is this a class action?............................................................ 3
4. Why is there a settlement?........................................................... 3

**Who Is in the Settlement?** ...............................................................**3**

5. How do I know if I am part of the settlement? .............................. 3
6. Who is not included in the class? .................................................. 4
7. I'm still not sure if I am included. ................................................. 4

**The Settlement Benefits—What You Get** ........................................**4**

8. What does the settlement provide? ............................................... 4
9. What can I get from the settlement? ............................................. 4

**How You Get Payment—Submitting a Claim Form** ........................**4**

10. How can I get payment? ............................................................... 4
11. When do I get my payment?.......................................................... 4
12. What am I giving up if I remain in the class? ................................. 5

**Excluding Yourself from the Settlement**.........................................**5**

13. How do I get out of the settlement?.............................................. 5
14. What is the effect if I exclude myself from this settlement? ........... 6
15. If I don't exclude myself, can I sue Defendant for the same thing later? .......... 6
16. If I exclude myself, can I get a payment from this settlement? ......... 6

**The Lawyers Representing You**.........................................................**6**

17. Do I have a lawyer in the case? .................................................... 6
18. How will the lawyers be paid? ...................................................... 6

**Objecting to the Settlement** ............................................................**6**

19. How do I tell the Court if I don't like the settlement?..................... 6
20. What's the difference between objecting and excluding?................ 7

**The Court's Final Hearing** ..............................................................**7**

21. When and where will the Court decide whether to approve the  settlement?..... 7
22. Do I have to come to the hearing? ............................................... 7
23. May I speak at the hearing?......................................................... 7

**If You Do Nothing**..........................................................................**8**

24. What happens if I do nothing at all?.............................................. 8

**Getting More Information** ...............................................................**8**

25. Are there more details about the settlement?............................... 8
26. How do I get more information?.................................................... 8

{00069650;1}

# Basic Information

| 1. Why did I get a Notice? |
|---|

You received a postcard notice by direct mail if Defendant's records show that you might be a class member.

The postcard notice referred you to an informational web site which included this more detailed Notice.

The Court ordered that a Notice be sent to you because you have a right to know about a proposed settlement of the class action against Defendant and about your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, an administrator appointed by the Court will provide the payments that the settlement allows.

This Notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. Please read this Notice carefully.

The United States District Court for the District of Massachusetts has jurisdiction over this proposed settlement. The persons who sued are called the Plaintiffs, and the company they sued (Collecto, Inc., doing business as EOS CCA) is called the Defendant.

| 2. What is the lawsuit about? |
|---|

Plaintiffs filed lawsuits against Defendant which were consolidated for pretrial purposes and called *In re: Collecto, Inc., Telephone Consumer Protection Act (TCPA) Litigation*, Case No. 14-md-2513-RGS (the "Action"). The Action is pending in the Massachusetts District Court.

In the Action, Plaintiffs claim that Defendant, which collects debts for third parties, placed calls to collect debts to cellular telephone numbers between July 23, 2009 and June 30, 2014, but the persons called never had an agreement with the creditor for whom Defendant sought to collect the debt. Plaintiffs allege that the calls were made in violation of federal law. Defendant denies all allegations of wrongdoing and has asserted defenses. The settlement is not an admission of wrongdoing.

| 3. Why is this a class action? |
|---|

In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims. In this case, the Class Representatives are the Plaintiffs John Lofton, Robert Pegg, Richard Davenport and Ralph Davenport. One court resolves the issues for all class members, except those who exclude themselves from the class. United States District Court Judge for the District of Massachusetts Richard G. Stearns has jurisdiction over the case in which the parties have submitted this settlement for approval.

| 4. Why is there a settlement? |
|---|

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and settlement benefits go to the class members. The Plaintiffs and their attorneys think the settlement is best for the class members.

## Who Is in the Settlement?

To see if you may qualify for payment from this settlement, you first have to determine whether you are a class member.

| 5. How do I know if I am part of the settlement? |
|---|

Judge Stearns has preliminarily decided that everyone who fits this description is a class

{00069650;1}

member:

> (a) all natural persons residing in the United States; (b) who received one or more telephone calls from an automatic telephone dialing system operated by Defendant to their cellular telephone number; (c) between July 23, 2009 and June 30, 2014; where (d) the person never had an agreement with the creditor for whom Collecto sought to collect.

## 6.    Who is not included in the class?

The class does *not* include Defendant, any entity that has a controlling interest in Defendant, and Defendant's current or former directors, officers, counsel, and their immediate families.  The class also does not include any persons who validly request exclusion from the class.  And the class does not include persons whose cell phones were called by the Defendant on or after July 1, 2014.

## 7.    I'm still not sure if I am included.

If you are still not sure whether you are included, you can visit the settlement website, www._____.com, for more information, or you can fill out and return the Claim Form described on page [___], in question [10].

# The Settlement Benefits—What You Get

## 8.    What does the settlement provide?

Defendant will make a payment to each class member who submits a **valid claim form by ___[75 days after notice]_____**, (an "Eligible Claimant"), which claim form meets the requirements for payment described in Question [9] below.  Any funds left remaining after distribution for uncashed checks will be distributed to a *cy pres* recipient closely associated with the class, to be approved by the Court.  Representative Plaintiffs asked the Court to approve Privacy Rights Clearinghouse as the cy pres recipient.

## 9.    What can I get from the settlement?

Eligible Claimants are natural persons who attest:  (a)  to receiving one or more telephone calls on their cellular telephone between July 23, 2009 and June 30, 2014; (b) that  they never had an agreement with the creditor for whom Collecto sought to collect; and (c) were either the subscriber or the assigned user of the telephone number called by Collecto will  have the  right to a single payment in an amount of up to approximately Two Hundred Dollars ($200), with the amount varying depending on the number of telephone calls placed to Eligible Claimants by Defendants as reflected in Defendant's records.

# How You Get Payment—Submitting a Claim Form

## 10.    How can I get payment?

To qualify for payment, you must submit a Claim Form online or by mail.  A Claim Form is available on the settlement website.  Read the instructions carefully, fill out the Claim Form (answering all questions truthfully), and submit it online at www._____.com **no later than [75 days after notice]_____**, or print out a hard copy of the Claim Form, fill it out (answering all questions truthfully), sign it, and mail it to the Settlement Administrator **with a postmark dated no later than _____ [75 days after notice]**.

## 11.    When do I get my payment?

The Court will hold a hearing on_____, to decide whether to approve the settlement.  If Judge Stearns approves the settlement and there are no appeals taken of that approval, then the proposed Settlement contemplates payments being sent to Eligible Claimants about sixty (60) days from the date the Settlement becomes final and not subject to appeal.  If Judge Stearns approves the settlement and there are any appeals, the timing of any payment is uncertain as such appeals can take time significant time to resolve, perhaps more than a year.

Even if the settlement is approved and no appeals filed, it will take time for the Claim Forms to be processed.  Please be patient and check the website for  any updates.

| 12. | What am I giving up if I remain in the class? |
|---|---|

Unless you exclude yourself, you stay in the class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Defendant about the legal issues in this case.  If the settlement is approved and becomes final and not subject to appeal, then you and all class members release all "Released Claims" against all "Released Parties."

"Released Claims" means any and all claims, rights (including rights to restitution or reimbursement), demands, actions, causes of action, suits, liens, damages, attorneys' fees, obligations, contracts, liabilities, agreements, costs, expenses, or losses of any nature, whether known or unknown, direct or indirect, matured or unmatured, contingent or absolute, existing or potential, suspected or unsuspected, equitable or legal, and whether under federal statutory law, federal common law or federal regulation, or the statutes, constitutions, regulations, ordinances, common law, or any other law of any and all states or their subdivisions, parishes or municipalities that were or could have been alleged or asserted in the Action arising out of or relating to the use by Defendant of an automatic telephone dialing system allegedly prohibited under the Telephone Consumer Protection Act, and that have been or could have been asserted in the Action.

"Released Parties" means Defendant, along with its affiliates, parents, direct and indirect subsidiaries, agents, insurers, and any company or companies under common control with any of them, and each of their respective predecessors, successors, past and present officers, directors, managers, employees, agents, servants, accountants, attorneys, advisors, shareholders, members, insurers, representatives, partners, vendors, issuers, and assigns, or anyone acting on their behalf.

## Excluding Yourself from the Settlement

If you don't want payment from this settlement, and you want to keep any right you may have to sue or continue to sue Defendant or other Released Parties on your own about the Released Claims, then you must take steps to remove yourself from the class.  This is called excluding yourself and is sometimes referred to as "opting out" of the class.  Defendant may terminate the settlement if a certain number of people exclude themselves from the class.

| 13. | How do I get out of the settlement? |
|---|---|

To exclude yourself from the settlement, you must send a signed letter by mail stating that you "want to opt out of the *In re: Collecto, Inc. TCPA Litigation*."  Please be sure to include your name, address, telephone number, and your signature.  You must mail your  exclusion request postmarked **no later than**_____**[75 days after notice]____,** to:

*In re: Collecto, Inc. TCPA Litigation*
Settlement Administrator
P.O. Box_____,

{00069650;1}

You can't exclude yourself on the phone or by fax or email.

| 14. | What is the effect if I exclude myself from this settlement? |
|---|---|

If you ask to be excluded, you will not get any payment from this settlement. Also, you cannot object to the settlement. You will not be legally bound by anything that happens in the Action. You may be able to sue (or continue to sue) Defendant in the future about the legal issues in this case.

| 15. | If I don't exclude myself, can I sue Defendant for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up your right to sue Defendant and the other Released Parties for the claims that this settlement resolves. You must exclude yourself from *this* class to pursue your own lawsuit. Remember, your exclusion request must be postmarked **on or before _____ [75 days after notice]**.

| 16. | If I exclude myself, can I get a payment from this settlement? |
|---|---|

No. If you exclude yourself, do not send in a Claim Form to ask for any payment from this settlement. You may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendant and the other Released Parties.

# The Lawyers Representing You

| 17. | Do I have a lawyer in the case? |
|---|---|

The Court appointed David C. Parisi of Parisi & Havens LLP and J. Andrew Meyer of Morgan & Morgan to represent the class. These lawyers are called Class Counsel. You will not be charged for these lawyers. The Court will determine the amount of Class Counsel's fees and expenses, which Defendant will pay as part of the settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 18. | How will the lawyers be paid? |
|---|---|

Class Counsel will request from the Court an award of attorneys' fees and expenses and for a service award for the Class Representatives. Defendant will pay Class Counsel's fees and expenses and the service award as awarded by the Court from the Settlement Fund. *You have the right to object to the requested fees and expenses and awards.* Defendant will also pay the costs to administer the settlement from the Settlement Fund.

Plaintiffs will petition for a service award to be paid to them not to exceed $7,500 each for their work in representing the Class and Class Counsel will seek attorneys' fees plus costs not to exceed $1,300,000. Class Counsel will file their papers in support of final approval of the Settlement and their application for attorneys' fees and reimbursement of expenses and for the service award to the Representative Plaintiffs, no later than _____**[50 days after notice]**. These papers will also be posted on the settlement website (www._____.com).

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| 19. | How do I tell the Court if I don't like the settlement? |
|---|---|

If you are a class member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a signed letter saying you object to the proposed settlement in *In re: Collecto, Inc., Telephone Consumer Protection Act Litigation,* Case No. 14-md-2613-RGS (D. Mass.). Be sure to include your name, address, telephone number, the cellular telephone number that you contend was called, that you are a class member, your signature, and the reasons why you object to the settlement. Your objection and any supporting papers must be mailed to and actually received by Class Counsel at the following address **no later than**_____[75 days after notice]_____:

David C. Parisi, Esq.                         Charles R. Messer, Esq.
Parisi & Havens LLP                         Carlson & Messer LLP
212 Marine Street, Unit 100               9841 Airport Boulevard, Suite 1200
Santa Monica, CA  90405                   Los Angeles, California 90045

In addition, you <u>must</u> file a copy of your written objection with the Clerk of the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts  02210 **no later than**_____[75 days after notice]_____.

| **20.** | **What's the difference between objecting and excluding?** |
| --- | --- |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# The Court's Final Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| **21.** | **When and where will the Court decide whether to approve the  settlement?** |
| --- | --- |

The Court will hold a Settlement Hearing at_____on_____, at the United States District Court, Courtroom 21, 7th Floor, 1 Courthouse Way, Boston, Massachusetts  02210. At this hearing, the  Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's request for attorneys' fees and expenses, and service awards for the Class Representatives. If there are objections, the Court will consider them. Judge Stearns will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement and the request for attorneys' fees, expenses, and service awards. How long these decisions will take is uncertain.

| **22.** | **Do I have to come to the hearing?** |
| --- | --- |

No. Class Counsel will answer questions Judge Stearns may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court and talk about it.

As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary. Finally, you may seek to intervene in the Action, but you don't need to do so.

| **23.** | **May I speak at the hearing?** |
| --- | --- |

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must

send a letter saying that it is your "Notice of Intention to Appear" in *In re: Collecto, Inc. TCPA Litigation*, Case No. 14-md-2613-RGS (D. Mass.)."  Be sure to include your name, address, telephone number, that you are a class member, and your signature.  Your Notice of Intention to Appear must be received at the address in Question [19], **no later than __[75 days after notice]**.  You cannot speak at the hearing if you exclude yourself.

# If You Do Nothing

| 24.      What happens if I do nothing at all? |
|---|

If you do nothing, you will not receive a payment and you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or the Released Parties about the legal issues in this case, ever again.

# Getting More Information

| 25.      Are there more details about the settlement? |
|---|

This Notice summarizes the proposed settlement.  More details appear in the Settlement Agreement and Release of Claims (the "Agreement").  Copies of the Agreement and the pleadings and other documents relating to the case are on file at the United States District Court for the District of Massachusetts and may be examined and copied at any time during regular office hours at the United States District Court, 1 Courthouse Way, Boston, Massachusetts  02210.  The Settlement Agreement is also available at the settlement website, www._____.com.

| 26.      How do I get more information? |
|---|

You can visit the settlement website at www._____.com, where you will find answers to common questions about the settlement, the Claim Form, plus other information, including a copy of the Settlement Agreement.  You may also write to: In re: Collecto, Inc. TCPA Litigation, Settlement Administrator, P.O. Box  , CITY, ST ZIP.  **You should not direct questions to the Court**.

Dated:_____, 2017         By Order of the Court
                                          CLERK OF THE COURT

# Exhibit C-1

Case 1:14-md-02513-RGS Document 64-3 Filed 07/12/17 Page 40 of 51

A COURT AUTHORIZED
THIS LEGAL NOTICE

**If you received calls to your cell phone from Collecto, Inc. (EOS CCA) before July 1, 2014, you may be entitled to benefits under a class action settlement.**

A settlement has been reached in a class action lawsuit, *In re: Collecto, Inc. TCPA Litigation,* No. 14-md-2613-RGS (U.S. District Court Mass.), where Plaintiffs allege that Collecto, Inc. placed telephone calls in violation of the Telephone Consumer Protection act between July 23, 2009 and June 30, 2014. Collecto denies any wrongdoing, has asserted defenses, and in agreeing to settle, does not admit any wrongdoing.

**Collecto, Inc. (EOS CCA)**
**Settlement Claims Administrator**
P.O. Box XXXX
City, State Zip Code

| First-Class |
| Mail |
| US Postage |
| Paid |
| Permit #__ |

«Barcode»

Postal Service: Please do not mark barcode

Claim ID #: «ClaimID»

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St» «Zip»
«Country»

---

<Barcode>

## Collecto TCPA Settlement Claim Form

To make a claim, fill out each section of this Form, sign where indicated, carefully tear at perforation, and drop in the mail. Claim Forms must be submitted by **Month XX, XXXX.** You may also complete your Claim Form online at www.XXX.com.

**Part I: Claimant Identification.**

Name (First, Last): _____ _____
Street Address: _____
Apartment: _____
City: _____ State: _____ ZIP Code: _____
Foreign Country (only if not USA): _____
Phone number where you can be reached: (____) _____ – _____

**Part II: Claim.**

I was the subscriber or assigned user of the telephone number (_____) _____ – _____. I received at least _____ telephone call(s) to this number from Collecto between July 23, 2009 and June 30, 2014, and I never had an agreement with the creditor for whom Collecto sought to collect a debt on the call.

**Part III: Certification.** By submitting this Claim Form, I certify that the foregoing information supplied by the undersigned is true and correct.

Signature: _____ Date: _____/ _____/ _____

### WHO IS A CLASS MEMBER?

You may be in the Settlement Class if, between July 23, 2009 and June 30, 2014, you received one or more telephone calls to your cell phone from Collecto, Inc., a debt collector ("Collecto").

### SETTLEMENT TERMS

Collecto will pay $3,200,000 into a fund that will cover: (1) cash payments to eligible Settlement Class Members who submit Claim Forms; (2) Class Counsel attorneys' fees as well as costs incurred during the litigation not to exceed $1,300,000 as approved by the Court; (3) court-approved service award of up to $7,500 to each of the four Representative Plaintiffs; and (4) the costs of administering the settlement. Your share of the fund will depend on the number of claims made. However, based on information known (including claims rates in similar cases), Class Counsel estimate you may be entitled to payment up to approximately $40 per call. The $3,200,000 will be divided among Settlement Class Members, who file timely valid claims, with each receiving a pro rata share depending on the number of calls placed to them, after deducting settlement expenses, the service awards, and attorneys' fees and costs.

### YOUR RIGHTS AND OPTIONS

**Submit a Claim Form**. To receive a cash award, fill out the attached Claim Form and drop it in the mail. You may also submit a Claim Form electronically on the Settlement Website: www.XXX.com. You may request a Claim Form by calling 1-XXX-XXX-XXXX or you may download a Claim Form on the Settlement Website. Settlement Class Members may only submit one claim. Your Claim Form must be postmarked no later than Month XX, XXXX.

**Opt Out**. You may also exclude yourself from the lawsuit and keep your right to sue Collecto, Inc. on your own by sending a written request for exclusion to the Settlement Administrator by Month XX, XXXX. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the settled claims. Please visit the Settlement Website for more details.

**Object**. If you do not exclude yourself, you have the right to comment or object to the proposed settlement. Written objections must be signed, postmarked by Month XX, XXXX, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Do Nothing**. If you do nothing, you will not receive any payment and will lose the right to sue regarding any issues relating to this action. You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

**Attend the Final Approval Hearing**. The Court has set a hearing to decide whether the settlement should be approved on Month XX, XXXX at X:00 _.m. at the U.S. District Court for District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210. All persons who timely object to the settlement by Month XX, XXXX may ask to appear at the Final Approval Hearing.

**This Notice is only a summary. You can find more details about the settlement on the website: www.XXX.com or by calling toll free 1-XXX-XXX-XXXX. Please do not contact the Court.**

---

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

Collecto TCPA Settlement
Claims Administrator
P.O. Box XXXX
City, State Zip Code

# Exhibit C-2

# Collecto TCPA Settlement Claim Form

## Settlement Claim Form

www._____.com

## Online Claim Form

To receive any relief to which you are entitled, please complete this form online **no later than ____ p.m. on_____ ____, 2017**.  Forms submitted after this deadline will not be accepted.

You may also print a copy of this form, complete the requested information, and return it to (address) no later than (date).  Form that are not postmarked by (date) will not be accepted.

Claim Control Number (located [insert description of location on postcard notice]):  _____

To make a claim, fill out each section of this Form, sign where indicated, and email to _____ or mail to:

> Collecto TCPA Settlement
> Claims Administrator
> P.O. Box XXXX
> City, State Zip Code

Claim Forms must be submitted by **Month XX, XXXX**.

**Part I:**       **Claimant Identification.**

Name (First, Last): _____

_____

Street Address:
_____

Apartment: _____

City: _____   State: _____   ZIP Code: _____

Foreign Country (only if not USA):
_____

Phone number where you can be reached:  (____) _____ – _____

**Part II:**       **Claim.**

I was the subscriber or assigned user of the telephone number (_____) _____ – _____, I received at least _____ telephone call(s) to this number from Collecto between July 23, 2009 and June 30, 2014, and I never had an agreement with the creditor for whom Collecto sought to

collect a debt on the call.

**Part III:**  **<u>Certification.</u>**  By submitting this Claim Form, I certify that the foregoing information supplied by the undersigned is true and correct.

Signature: _____   Date: _____/ _____/ _____

**Exhibit D**

**IN THE UNITED STATES DISTRICT
COURT DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: COLLECTO, INC. TELEPHONE<br>CONSUMER PROTECTION ACT (TCPA)<br>LITIGATION | ) Master MDL No. 14-md-2513-RGS<br>)<br>)<br>) This Document Relates To:<br>)<br>) 1:13-cv-11944-RGS<br>) 1:14-cv-10478-RGS<br>) 1:14-cv-10532-RGS<br>) |

## [PROPOSED] FINAL APPROVAL ORDER AND FINAL JUDGMENT

THIS MATTER came before the Court on Representative Plaintiffs' motion for final approval of the proposed class settlement (the "Settlement") and Class Counsel's application for  attorneys' fees, costs and expenses, and for Service Awards for the Representative Plaintiffs.  The Court has  considered all papers filed and proceedings in this matter and is fully informed regarding the  facts surrounding the proposed Settlement.  Based upon this information, the Court has  determined to approve the proposed Settlement as fair, reasonable, and adequate.  The Court  hereby enters this Settlement Order and Final Judgment ("Final Judgment"), which constitutes a  final adjudication on the merits of all claims of the Settlement Class.

On _____, 2017, this Court granted preliminary approval to the proposed Settlement between Representative Plaintiffs and Collecto, Inc. (collectively, "Defendant"). The proposed Settlement resolves all of the Settlement Class's claims against Defendant in exchange for Defendant's agreement to provide certain monetary relief to Settlement Class Members as set forth in the Agreement.  On _____, 2017, this Court held a Settlement Hearing to consider whether to grant final approval to the Settlement and to  consider Class Counsel's application for an award of attorneys' fees and costs ("Fee  Application"), and Service Award to the Representative Plaintiffs.  The Court heard argument  from counsel [and

others who elected to appear to voice their support for, or objection to, the Settlement and/or the Fee Application].

Having read, reviewed and considered the papers filed in support of and in opposition to final approval of the Settlement, including supporting declarations; oral arguments of counsel and presentations by members of the Class who appeared at the hearing; Class Counsel's Fee Application and request for Service Awards; the Motion for Final Approval of the Class Action Settlement; the Agreement; and the pleadings, the Court finds and concludes as follows:

1. ***Definitions***. The definitions and provisions of the Settlement Agreement and Release of Claims (the "Agreement") are incorporated in this Final Judgment as though fully set forth herein.

2. ***Jurisdiction***. This Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Representative Plaintiffs and all members of the Settlement Class.

3. ***Settlement Approval***. The Court hereby grants final approval to the Settlement and finds the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds the Settlement is within the authority of the parties and the result of extensive arm's length negotiations with the guidance of an experienced mediator.

4. ***Class Certification***. This Court confirms the proposed Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, as found in the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). Accordingly, this Court makes final the conditional class certification set forth in the Preliminary Approval Order.

5. ***Exclusion from Settlement Class***. Certain members of the Settlement Class have timely requested to be excluded from the Class and the Settlement. Exhibit A, attached hereto, lists the Settlement Class Members who timely requested exclusion from the

Settlement Class. Accordingly, this Final Judgment shall not bind or affect Settlement Class Members listed on Exhibit A.

6. ***[Objections Overruled***. The Court has considered and hereby overrules all objections brought to the Court's attention, whether properly filed or not.]

7. ***No Admission***. Neither this Final Judgment nor the Agreement is an admission or concession by Defendant of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Judgment and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendant or any other person in connection with any transaction, event or occurrence, and neither this Final Judgment nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

8. ***Dismissal with Prejudice***. This Court hereby dismisses with prejudice all claims of Settlement Class Members against Defendants within the scope of the Released Claims defined by the Settlement Agreement.

9. ***Release***. Representative Plaintiffs, for themselves and as representatives of the Settlement Class, and on behalf of each Settlement Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

10. ***Injunction Against Asserting Released Claims.*** Representative Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are permanently

enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members listed in Exhibit A who timely requested exclusion from the Settlement Class.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in  aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

11. ***General Release Acknowledgement***.  By operation of this Final Judgment, the Representative Plaintiffs and Defendant expressly waive, and each Settlement Class Member is deemed to have waived, any and all claims, rights, or benefits they may have under California Civil Code § 1542 and any similar federal or state law, right, rule, or legal principle that may apply.  California Civil Code § 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

12. ***Class Notice***.  The Settlement Administrator completed the delivery of Class Notice according to the terms of the Agreement.  The Class Notice given by the Settlement Administrator to the Settlement Class, which set forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances.  The Class Notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice.  The Class Notice given to the Settlement Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.  The Class Notice was reasonably calculated under the circumstances  to apprise Settlement Class Members of the pendency of this Action, all material elements of the  Settlement, and their opportunity to exclude themselves from, object

to, or comment on the Settlement and appear at the Settlement Hearing.  The Court has afforded a full opportunity to all  Settlement Class Members to be heard.  Accordingly, the Court determines that all members of  the Settlement Class, except those who timely excluded themselves from the Class, are bound by  this Final Judgment.

13.     ***Notifications to Appropriate Federal and State Officials***.  Within ten (10) days after the filing of the proposed Agreement in this Court, Defendant served a notice of the proposed Settlement upon the appropriate state official of each State in which a Class member resides and upon the Attorney General of the United States.  The Court finds that the notice provided by Defendant satisfied the requirements of 28 U.S.C. § 1715(b) and that more than ninety (90) days have elapsed since Defendant provided the required notice, as required by 28 U.S.C. section 1715(d).

14.     ***Continuing Jurisdiction***.  Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution  of the settlement payments, Service Award, and attorneys' fees and costs contemplated by the  Agreement, and processing of the claims permitted by the Agreement, until each and every act  agreed to be performed pursuant to the Agreement has been performed, and (b) all parties to this  Action and members of the Settlement Class for the purpose of enforcing and administering the  Agreement.

15.     ***Service Award***.  As an incentive payment in compensation for the time, effort,  and risk they undertook as representatives of the Settlement Class, the Court hereby awards $_____each to Robert Pegg, John Lofton, Richard Davenport and Ralph Davenport, for a total Service Award of $_____, to be paid by the Defendant from the Settlement Fund.

16.     ***Class Counsel Fee and Cost Award***.  The Court hereby awards attorneys' fees  and costs to compensate Class Counsel for their time incurred and expenses advanced. The  Court has concluded that:  (a) Class Counsel achieved a favorable result for the Class

by  obtaining Defendant's agreement to make available to Settlement Class Members certain monetary relief; (b) Class Counsel devoted substantial effort to pre-and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Defendant's possible legal defenses and their experienced and capable counsel; (e) The Representative Plaintiffs have reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application and have approved; (f) the Class Notice informed Settlement Class Members of Class Counsel's fee and cost request under the Agreement; and (g) Class Counsel filed and posted their Fee Application in time for Settlement Class Members to make a meaningful decision whether to object to the Fee Application. For these reasons, the Court hereby approves Class Counsel's Fee Application and awards to Class Counsel fees and costs in the total amount of $_____, to be paid by the Defendant from the Settlement Fund. All such fees are in lieu of statutory fees that Representative Plaintiffs and/or the Class might otherwise have been entitled to recover.

17.     ***Payment Timing***.  Defendant shall pay the fee and cost awards to Class Counsel  and the Service Award to Representative Plaintiffs, as well as amounts due to eligible Settlement  Class Members who timely filed a claim under the Agreement, in accordance with and at the  times prescribed by the Agreement.

**IT IS SO ORDERED.**

Dated: _____          _____
                                                The Honorable Richard G. Stearns
                                                United Stated District Court Judge for the
                                                District of Massachusetts