## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: COLLECTO, INC. TELEPHONE ) | Master MDL No. 14-md-2513-RGS |
| CONSUMER PROTECTION ACT (TCPA) ) | |
| LITIGATION                      ) | |
|                                 ) | This Document Relates To: |
|                                 ) | |
|                                 ) | 1:13-cv-11944-RGS |
|                                 ) | 1:14-cv-10478-RGS |
|                                 ) | 1:14-cv-10532-RGS |
|                                 ) | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs have filed a Motion for an Order Preliminarily Approving Class Action Settlement ("Motion"). Having reviewed the Motion and supporting materials, the Court determines and orders as follows:

A.     Counsel have advised the Court that the Parties have agreed, subject to final approval by this Court following notice to the proposed Settlement Class and a hearing, to settle this action on the terms and conditions set forth in the Settlement Agreement and Release of Claims (the "Agreement").

B.     The Court has reviewed the Agreement, as well as the files, records, and proceedings to date in this matter. The terms of the Agreement are hereby incorporated as though fully set forth in this Order. Capitalized terms shall have the meanings attributed to them in the Agreement or as defined herein.

C.     Based upon preliminary examination, it appears to the Court that the Agreement is sufficiently fair, reasonable, and adequate to warrant notice to the proposed Settlement Class; that the Settlement Class should be certified for settlement purposes; and that the Court should hold a hearing after notice to the Settlement Class to determine whether to enter a Settlement Order and Final Judgment in this action, based upon that Agreement.

Based upon the foregoing, the Court finds and concludes as follows:

1.     *Preliminary Approval of Proposed Settlement*. The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate. The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an

experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members

of the Settlement Class and the Settlement Hearing described below.

2. *Class Certification for Settlement Purposes Only*.

(a) Pursuant to Fed. R. Civ. P. 23(b)(3), the Court, for settlement purposes

only, conditionally certifies the following Settlement Class:

> (a) all natural persons residing in the United States; (b) who received one or more telephone calls from an automated telephone dialing system operated by Defendant to their cellular telephone number; (c) between July 23, 2009 and June 30, 2014; where (d) person never had an agreement with the creditor for whom Collecto sought to collect.

(b) In connection with the certification, the Court makes the following

preliminary findings:

(1) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(1) because the

Settlement Class appears to be so numerous that joinder of all members is impracticable as there

are approximately 206,000 persons in the Settlement Class based on an analysis of Defendant's

business records;

(2) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(2) because

there appear to be questions of law or fact common to the Settlement Class;

(3) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(3) because the

claims of the Representative Plaintiffs appear to be typical of the claims being resolved through

the proposed settlement;

(4) The Settlement Class satisfies Fed. R. Civ. P. 23(a)(4) because the

Representative Plaintiffs appear to be capable of fairly and adequately protecting the interests of

the above-described Settlement Class in connection with the proposed settlement and because

counsel representing the Settlement Class are qualified, competent, and capable of prosecuting

this action on behalf of the Settlement Class.

(5) The Settlement Class satisfies the requirements of Fed. R. Civ. P.

23(b)(3) because, for purposes of settlement approval and administration, common questions of

law and fact appear to predominate over questions affecting only individual Settlement Class

Members and because settlement with the above-described Settlement Class appears to be

superior to other available methods for the fair and efficient resolution of the claims of the

Settlement Class. The Settlement Class appears to be sufficiently cohesive to warrant settlement

by representation.

      (c)     In making the foregoing findings, the Court has exercised its discretion in conditionally certifying a settlement class.

      (d)     Plaintiffs Robert Pegg, John Lofton, Richard Davenport and Ralph Davenport are hereby designated as class representatives.

      3.     *Class Counsel*. The Court appoints David C. Parisi and J. Andrew Meyer as counsel for the Settlement Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that Class Counsel are competent and capable of exercising their responsibilities as Class Counsel.

      4.     *Settlement Administrator*. The Court appoints Ilym Group, Inc. ("Ilym") as Settlement Administrator. Responsibilities of the Settlement Administrator shall include the following: (a) disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the Notice Program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) receiving, processing, classifying, and paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

      5.     *Settlement Hearing*. A final approval hearing (the "Settlement Hearing") shall be held before this Court on ‗ Jan. 17, 2018, at ‗ 2 ‗ p.m., as set forth in the Class Notice (described in Paragraph 6 below), to determine whether the Agreement is fair, reasonable, and adequate and should be given final approval. Papers in support of final approval of the Agreement and Class Counsel's application for an award of attorneys' fees, costs and expenses and for Service Awards to the Representative Plaintiffs (the "Fee and Expense Application") shall be filed with the Court according to the schedule set forth in Paragraphs 13 and 14, below. The Court may postpone, adjourn, or continue the Settlement Hearing without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Agreement (the "Final Judgment"), which will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

      6.     *Class Notice*. The Court approves the form and content of the notices substantially in the forms attached as Exhibits B and C-1 to the Agreement. The Settlement Administrator shall comply with the notice requirements of Paragraph 3.3 of the Agreement. In

compliance with that Paragraph, within thirty (30) days after entry of this Order, Settlement

Administrator shall cause notice to be delivered in the manner set forth in the Agreement to all

Settlement Class Members who can be identified with reasonable effort. Class Notices sent by

U.S. Mail shall be substantially in the form attached as Exhibit B to the Agreement, and a notice

substantially in the form attached as Exhibit C-1 to the Agreement shall be posted at a website,

the Internet address for which shall be disclosed in the notices transmitted by U.S. Mail, as

described in Paragraph 3.3.2 of the Agreement. At a minimum, the website shall allow for

online submission of claims, make available copies of the Notice, Settlement Agreement, this

Order, class counsel's motion for attorneys' fees and costs when filed, and any motion for a

Service Award. General information about the settlement shall be made available through a toll-

free telephone number, as described in Paragraph 3.3.4 of the Agreement.

7.      *Filing of CAFA Notice.* Before the Settlement Hearing, Defendant shall file with

the Court information regarding compliance with the notice provisions of the Class Action

Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

8.      *Findings Concerning Class Notice.* The Court finds that the Class Notice and

the manner of its dissemination described in Paragraph 6 above and Paragraph 3.3 of the

Agreement constitutes the best practicable notice under the circumstances and is reasonably

calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of

this Action, the terms of the Agreement, and their right to object to or exclude themselves from

the Settlement Class. The Court finds that the notice is reasonable, that it constitutes due,

adequate and sufficient notice to all persons entitled to receive notice, and that it meets the

requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other

applicable laws.

9.      *Exclusion from Settlement Class.* Each Settlement Class Member who wishes to

exclude himself or herself from the Settlement Class and follows the procedures set forth in this

Paragraph shall be excluded. Any potential member of the Settlement Class may mail a written

request for exclusion, in the form specified in the Class Notice, to the third-party administrator at

the address set forth in the Class Notice. All such written requests must be postmarked no later

than seventy-five (75) days after the date for delivery of the Class Notice as set forth in Paragraph

6 above. All persons who properly request exclusion from the Settlement Class shall not be

Settlement Class Members and shall have no rights with respect to, nor be bound by, the

4

Agreement, should it be finally approved. The names of all such excluded individuals shall be attached as an exhibit to any Final Judgment.

10.     ***Claims Procedures***. The Court approves the claims procedures set forth in the Agreement. The Court approves the form and content of the Claim Form substantially in the form attached as Exhibit C-2 to the Agreement. A properly executed Claim Form must be submitted as required in the Class Notice on the settlement website or postmarked not later than seventy-five (75) days after the date on which the Settlement Administrator commences transmittal of Class Notice. Each Claim Form shall be deemed to have been submitted when submitted on the settlement website or postmarked (if properly addressed and mailed by first-class mail, postage prepaid), provided such Claim Form is actually received no less than thirty (30) days prior to the Distribution Date. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated on the Claim Form.

11.     ***Costs of Class Notice and Claims Processing***. Defendant shall bear all costs of notice to the Settlement Class of the pendency and settlement of the Actions and of processing claims, which shall be paid from the Settlement Fund.

12.     ***Objections and Appearances***.

(a)     ***Written Objections***. Any Settlement Class Member who has not timely submitted a written request for exclusion from the Settlement Class, and thus is a Settlement Class Member, may object to the fairness, reasonableness, or adequacy of the Agreement, or the Fee and Expense Application. Any Settlement Class Member who wishes to object to the Settlement, must submit his or her objection in writing, via U.S. Mail postmarked no later than seventy-five (75) days after the date for delivery of the Class Notice as set forth in Paragraph 6 above to:

> David C. Parisi, Esq.
> Parisi & Havens LLP
> 212 Marine Street, Unit 100
> Santa Monica, CA  90405
>
> Charles R. Messer, Esq.
> Carlson & Messer LLP
> 9841 Airport Boulevard, Suite 1200
> Los Angeles, California 90045

and must file a copy of the written objection with the Clerk of the United States District Court, District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts  02210, by the same date.

      (b)     Objecting Settlement Class Members must include their name and

address, the name, the cellular telephone they contend was called and number of the case, and a

statement of the reasons why they believe the Court should find that any portion of the proposed

settlement is not in the best interests of the Settlement Class.  Any objection not timely made in

this manner shall be forever barred.

      (c)    ***Appearance at Settlement Hearing.***  Any objecting Settlement Class

Member who wishes to address the Court at the Settlement Hearing must indicate his or her

intent to do so in writing to Class Counsel and the Court at the same time that the Settlement

Class Member submits the objection.  Any Settlement Class Member who does not timely deliver

a written objection and notice of intention to appear by seventy-five (75) days from the date for

delivery of the Class Notice as set forth in Paragraph 6 above, in accordance with the

requirements of this Order, shall not be permitted to object or appear at the Settlement Hearing,

except for good cause shown, and shall be bound by all proceedings, orders and judgments of the

Court.

      (d)    ***Fees and Expense Application and Service Awards.***  Class Counsel

shall file their Fee and Expense Application and request for any Service Awards, together with

all supporting documentation, by no later than fifty (50) calendar days after Class Notice is

delivered, sufficiently in advance of the expiration of the objection period that any Settlement

Class Member will have sufficient information to decide whether to object and, if applicable, to

make an informed objection.

      (e)    ***Motion for Final Approval and Responses to Objections.***  Representative

Plaintiffs shall file with the Court their motion for final approval of the Settlement and any

responses to objections to the Agreement or the Fee and Expense Application and/or Service

Awards, together with all supporting documentation, within fourteen (14) calendar days after the

deadline for serving objections.

13.    ***Dates of Performance.***  In summary, the dates of performance are as follows:

      (a)    Class Notice shall be sent to potential Settlement Class Members on

or before _Sept. 11_ , 2017, i.e., within thirty (30) days after entry of this Order;

      (b)    Class Counsel's Fee and Expense Application and request for Service

Awards, and all supporting  materials, shall be filed no later than _Oct. 31_ , 2017, i.e.,

fifty (50) days after Class Notice is mailed;

      (c)    Settlement Class Members who desire to be excluded shall mail requests for exclusion postmarked by __Nov. 27__, 2017, i.e., within seventy-five (75) calendar days from the date for delivery of the Class Notice as set forth in Paragraph 6 above;

      (d)    All objections to the Agreement or the Fee and Expense Application shall be filed and served by __Nov. 27__, 2017, i.e., within seventy-five (75) calendar days from the date for delivery of the Class Notice as set forth in Paragraph 6 above;

      (e)    Representative Plaintiffs' final approval motion, responses to objections, and all supporting materials, shall be filed by __Dec. 11__, 2017, i.e., within fourteen (14) calendar days after the deadline for serving objections;

      (f)    The Settlement Hearing shall be held on __Jan. 17__, 2018, at __2__ p.m., .                                                               ]; and

      (g)    Settlement Class Members who desire to submit Claim Forms shall do so by __Nov. 27__, 2017, i.e., seventy-five (75) calendar days after the date for delivery of the Class Notice as set forth in Paragraph 6 above.

    14.    ***Effect of Failure to Approve the Agreement.***  In the event the Court does not finally approve the Agreement, or for any reason the Parties fail to obtain a Final Judgment and Final Approval as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

      (a)    All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

      (b)    The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the case shall return to its status as it existed before entry of this Order;

      (c)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Representative Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action for purposes of considering settlement approval; and

(d)    Nothing in this Order or pertaining to the Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings pertaining to treatment of this case as a class action.

15.    *Discretion of Counsel.* Counsel are hereby authorized to take all reasonable steps in connection with approval and administration of the Settlement not materially inconsistent with this Order or the Agreement, including, without further approval of the Court, making minor changes to the content of the Class Notice that they jointly deem reasonable or necessary.

16.    *Stay of Proceedings Pending Approval of the Settlement.* All proceedings before the Court are stayed pending final approval of the setflement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

17.    *Injunction Against Asserting Released Claims Pending Settlement Approval.* Pending final determination of whether the settlement should be approved, Representative Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively, or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the settlement, this Order, and the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

18.    *Reservation of Rights and Retention of Jurisdiction.* The Court reserves the right to adjourn or continue the date of the Settlement Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve or modify the settlement without further notice to Settlement Class Members.

**IT IS SO ORDERED.**

Dated:  _8 -10 -17._____

_____
The Honorable Richard G. Stearns
United Stated District Court Judge for the
District of Massachusetts

8

