UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re Collecto, Inc. Telephone Consumer Protection Act (TCPA) Litigation, | : Master No. 1:14-md-2513-RGS<br>: Individual Case No. 1:14-cv-10478-RGS<br>:<br>: This Document Relates To:<br>: All Member Actions<br>:<br>: |

**LEMBERG LAW LLC'S REPLY IN SUPPORT OF ITS
MOTION FOR REALLOCATION OF ATTORNEYS' FEES**

Lemberg Law LLC (hereafter "Lemberg Law"), through its undersigned counsel, hereby submits this Reply in support of its Motion for Reallocation of Attorneys' Fees and responds to contentions of Co-Lead Counsel, Messrs. Meyer and Parisi (hereafter "Co-Lead Counsel")[1], made in their Opposition to Lemberg Law's Motion for Reallocation of Attorneys' Fees (Doc. No. 124). Morgan & Morgan has not responded despite being served electronically.

Under the Fee Sharing Agreement (Doc. No. 123-4), whose existence or validity is not disputed, Lemberg Law has a contractual right to be paid. Mass. R. Prof. C., Rule 1.5(e); *Saggese v. Kelley*, 445 Mass. 434, 837 N.E.2d 699 (2005). Fee sharing agreements are enforceable just like any contracts. *Saggese*, 445 Mass. at 440, 837 N.E.2d at 704; *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 183 (D. Mass. 2015) ("fee sharing agreements among counsel may be respected or treated as presumptively reasonable in a district court's allocation of attorneys' fees"); *In re D.C. Sullivan & Co., Inc.*, 69 B.R. 737, 739 (Bankr. D. Mass. 1984) ("Fee sharing agreements, outside of bankruptcy, are quite common, not necessarily improper and do not need court approval."). "It has long been understood that in disputes among attorneys over the enforcement of fee-sharing agreements the courts will not inquire into the precise worth of the

---

[1] Mr. Meyer originally represented himself in the pleadings filed with this Court as "Co-Lead Counsel for Plaintiffs," then starting around June of 2016 as "Co-Lead Counsel for Class," and in later pleadings as "Co-Lead MDL Counsel for Plaintiffs."

services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either "refused to contribute more substantially." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 178 F. Supp. 2d 9, 17 (D. Mass. 2001) (Young, J.) The lawyers signed it, the client (for whose protection it is intended) signed it, and thus, the Fee Sharing Agreement should be enforced as matter of pure contract law.

Co-Lead Counsel resist this straightforward outcome, arguing that the agreement should not be enforced because its enforcement would be inequitable. Nothing could be further from the truth – enforcement of the agreement would be just, proper and equitable. Initially, Massachusetts law does not permit equity to intervene where, as here, the parties have a valid contract. "Recovery in *quantum meruit* presupposes that no valid contract covers the subject matter of a dispute." *Boswell v. Zephyr Lines, Inc.*, 414 Mass. 241, 250, 606 N.E.2d 1336 (1993). "Where such a contract exists, the law need not create a *quantum meruit* right to receive compensation for services rendered." *Id.* Thus, Co-Lead Counsel have no legal right for the relief they seek.

But even that aside, *quantum meruit* is an equitable theory – to benefit one must have clean hands. *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245–46, 54 S. Ct. 146, 147–48, 78 L. Ed. 293 (1933). That is not the case here.

First, contrary to the requirements of Massachusetts Rules of Professional Conduct, neither Mr. Meyer nor his firm has any agreement to represent Plaintiff Robert Pegg ("Mr. Pegg") or any other class member, and they know it and knew it all along. Morgan & Morgan and Lemberg Law were duly retained by Mr. Pegg. After Mr. Meyer's purported separation from Morgan & Morgan, Mr. Meyer never asked Mr. Pegg to be retained for himself or his fledgling law firm. Mr. Meyer never advised the Court that he left Morgan & Morgan and was now on his own, without the resources of a large firm, without an office, without a staff, and likely without insurance. This is what the Notice disseminated to class members by Co-Lead Counsel in September 2017 said:

> The Lawyers Representing You
>
> 17. Do I have a lawyer in the case?
>
> The Court appointed David C. Parisi of Parisi & Havens LLP and **_J. Andrew Meyer of Morgan & Morgan_** to represent the class. These lawyers are called Class Counsel. You will not be charged for these lawyers. The Court will determine the amount of Class Counsel's fees and expenses, which Defendant will pay as part of the settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.
> (Emphasis supplied. Exhibit 1).

While he now seeks to be paid separately, Mr. Meyer at all times in this case appeared to act under the umbrella of Morgan & Morgan as 'of-counsel', leading the Court, Mr. Pegg and class members to believe that he was still with the firm.[2] While he now asks to be paid due to his "status as court-appointed co-lead counsel, on its own, provides basis for Mr. Meyer to be paid for his work,"[3] Mr. Meyer cannot have it both ways: he cannot represent himself as 'of counsel' to the Morgan & Morgan and demand to be paid separately. Co-Lead Counsel cite no case awarding fees to a lawyer who has no client. That is no surprise.

Second, neither Mr. Meyer nor Morgan & Morgan should benefit from deceiving Mr. Pegg and Lemberg Law. At the inception of the case, Lemberg Law and Morgan & Morgan agreed to represent Mr. Pegg together and to split fees.[4] Morgan & Morgan proposed its own form fee division agreement, which the parties signed. At no time did Morgan & Morgan ask to change the deal. In fact, Mr. Meyer personally confirmed to Lemberg Law repeatedly that the fee division would be honored:

---

[2] It is important to note that Mr. Meyer incorporated his law firm in March of 2017, by which time parties agreed to settle and commenced work on seeking preliminary settlement approval from the Court. *See* Florida Department of State, Division of Corporations, Entity Name: J. ANDREW MEYER, P.A., attached hereto as Exhibit 2.

[3] Doc. No. 124, p. 15.

[4] Mr. Lemberg has been lead counsel in a number of consumer class actions. *In Re: Convergent Telephone Consumer Protection Act Litigation* (Case No. 3:13-md-02478, D. Conn.); *Duchene vs. Westlake Services, LLC* (Doc. No. 140, 13-cv-01577, W.D. Pa., July 14, 2016); *Brown, et al. v. Rita's Water Ice Franchise Company, LLC* (Doc. No. 44, 15-cv-3509, E.D. Pa., March 24, 2016); *Oberther v. Midland Credit Management* (Doc. No. 90, 14-cv-30014, D. Ma. July 13, 2016).

3

- July 8, 2017: "The deal is that you and Morgan split 50/50. **I get paid from Morgan side.**" (Doc. No. 123-5) (emphasis supplied);

- February 13, 2018: "As for the fee division, both David and I are well aware of the agreement you have with Morgan and no one is saying or proposing that the agreement should be ignored." (Doc. No. 123-6).

However, what is being argued now is entirely different from the parties' agreement and these confirmation emails. As the treatise quoted by Judge Young in the *Daynard* case reads:

> "A very great part of a man's comfort, as well as of his success at the Bar, depends upon his relations with his professional brethren. With them he is in daily necessary intercourse, and he must have their respect and confidence, if he wishes to sail along in smooth waters ...." (page 194)

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 178 F. Supp. 2d 9, 17 (D. Mass. 2001). Neither Mr. Meyer nor Morgan & Morgan should benefit from the deception upon their client and co-counsel.

In addition, the relationship between Mr. Meyer and Morgan and Morgan and the timing of the separation remain murky. Although Mr. Meyer now says he left the firm in 2014, he incorporated his law firm in March of 2017, by which time parties agreed to settle and commenced work on seeking preliminary settlement approval from the Court. *See* Florida Department of State, Division of Corporations, Entity Name: J. ANDREW MEYER, P.A., attached hereto as Exhibit 2. Mr. Meyer does not explain the gap in timing. However, public records reveal that he is associated with at least one other law firm – Leaven Law.[5] Since Mr. Meyer's law firm did not exist for the vast majority of the time this case was litigated, it is entirely unclear how it earned any Lodestar at all, let alone the Lodestar it now seeks. To permit *quantum meruit* recovery here would be to reward outright deceit.

---

[5] https://www.leavenlaw.com/Attorney-Profiles/J-Andrew-Meyer.aspx

Finally, Co-Lead Counsel argue Lemberg Law "put at issue the Court's authority over the allocation of fees in this case" and the Court "should not permit any further litigation to undermine that authority."[6] That is incorrect. This Court specifically retained jurisdiction over "distribution of the […] attorneys' fees and costs contemplated by the Agreement" (Doc. No. 118, ¶13) and there is ample justice in awarding Lemberg Law the fees.[7]

## CONCLUSION

Based on the foregoing, Lemberg Law LLC respectfully requests the Court grant its motion and enforce the fee sharing agreement between Lemberg Law LLC and Morgan & Morgan and find attorney J. Andrew Meyer and Morgan & Morgan jointly and separately liable and order them to pay Lemberg Law LLC a sum of $100,615.39.

Dated: May 9, 2018

                                                    Respectfully submitted,

                                   By  */s/ Mark Dubois*
                                       Mark Dubois, Esq. *appearing pro hac vice*
                                       Geraghty & Bonnano, LLC
                                       38 Granite Street, P.O. Box 231
                                       New London, CT  06320
                                       Telephone: (860) 447-8077
                                       Facsimile:  (860) 447-9833
                                       *Attorneys for Lemberg Law LLC*

---

[6] Doc. No. 124, p. 20, n. 7.

[7] " 'It has long been understood that in disputes among attorneys over the enforcement of fee-sharing agreements the courts will not inquire into the precise worth of the services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either "refused to contribute more substantially.' Moreover, it ill becomes defendants, who are also bound by the Code of Professional Responsibility, to seek to avoid on 'ethical' grounds the obligations of an agreement to which they freely assented and from which they reaped the benefits (ABA Comm. on Professional Ethics, Informal Opn No. 870)." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 178 F. Supp. 2d 9, 17 (D. Mass. 2001).

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 9, 2018, I electronically filed the foregoing Reply in Support of a Motion for Reallocation of Attorneys' Fees using the CM/ECF system, which will automatically send a notification to all counsel of record.

                                                 */s/ Mark Dubois*
                                                 Mark Dubois, Esq.